Lawrence I. GREEN, Petitioner,

v.

UNITED STATES of America,
Respondent.

Gary A. HOPKINS, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 73–8079, 73–8095.

United States Court of Appeals,
District of Columbia Circuit.

July 20, 1973.

Lawrence I. Green, pro se.

Gary A. Hopkins, pro se.

Before LEVENTHAL and ROBINSON, Circuit Judges.

12. U.S.Code Cong. & Ad.News, *supra* note 9, at 3987.

**PER CURIAM:**

Petitioners Green and Hopkins are before us seeking leave to proceed on appeal *in forma pauperis*. Each petitioner contends that the District Court erred in denying his *pro se* motion for modification or reduction of his sentence or other sentencing relief which would allow him to participate immediately in some variety of work release program.[1] Although naturally somewhat lacking in clarity and precision, the *pro se* petitions filed in the District Court and in this court assert a "constitutional right to be rehabilitated" derived, not from the Constitution, but from 18 U.S.C. § 4082.[2] Each petitioner contends that he is presently ineligible for work release because of his lengthy sentence, and that the District Court's refusal to reduce his sentence and order work release constitutes a denial of his "constitutional" rights. Although we deem petitioners' contentions frivolous, we take this opportunity to comment briefly since we have recently received many similar *pro se* petitions asserting a constitutional right to be rehabilitated pursuant to 18 U.S.C. § 4082.

A motion for the reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure is addressed to the sound discretion of the District Court.[3] Rehabilitation is certainly a salient goal of the criminal justice system,[4] but a recently convicted offender is not always the best judge of the optimum path to rehabilitation.

The work release legislation permits the Attorney General to authorize a prisoner "as to whom there is reasonable cause to believe he will honor his trust . . . to . . . work at paid employment or participate in a training program in the community on a voluntary basis while continuing as a prisoner of the institution or facility to which he is committed . . . ."[5] Both

1. Green was convicted by jury of manslaughter, and sentenced on April 2, 1971, to a term of three to nine years. Hopkins pled guilty to one count of three separate indictments charging three separate armed robberies. In Crim. No. 911–72, he pled guilty to assault with intent to kill while armed; in Crim. No. 920–72 to robbery; and in Crim. No. 924–72 to attempted robbery. On November 16, 1972, Hopkins was sentenced to an effective term of five to fifteen years on these three counts.

2. Green's motion in the District Court was styled a "Motion for Modification or a Reduction of Sentence. Pursuant to Rule 35, Federal Rules of Criminal Procedure, and Title 18, Section 4082, U.S.C." Hopkins' motion was styled a "Motion for Reduction in Sentence (Work Release Rehabilitation Program) Under Title 18, Section 4082, U.S.C."

3. *See, e. g.,* United States v. Krueger, 454 F.2d 1154, 1155 (9th Cir. 1972); United States v. Williams, 446 F.2d 486, 488 (5th Cir. 1971); United States v. Jones, 444 F.2d 89, 90 (2d Cir. 1971); United States v. Brown, 428 F.2d 1191, 1193 (7th Cir.), cert. denied, 400 U.S. 941, 91 S.Ct. 238, 27 L.Ed.2d 245 (1970).

4. *See* Williams v. New York, 337 U.S. 241, 248, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

5. 18 U.S.C. § 4082(c) provides in its entirety as follows:

The Attorney General may extend the limits of the place of confinement of a prisoner as to whom there is reasonable cause to believe he will honor his trust, by authorizing him, under prescribed conditions, to—

(1) visit a specifically designated place or places for a period not to exceed thirty days and return to the same or another institution or facility. An extension of limits may be granted only to permit a visit to a dying relative, attendance at the funeral of a relative, the obtaining of medical services not otherwise available, the contacting of prospective employers, or for any other compelling reason consistent with the public interest; or

(2) work at paid employment or participate in a training program in the community on a voluntary basis while continuing as a prisoner of the institution or facility to which he is committed, provided that—

(i) representative of local union central bodies or similar labor union organizations are consulted;

(ii) such paid employment will not result in the displacement of employed workers, or be applied in skills, crafts, or trades in which there is a surplus of available gainful labor in the locality,

the literal terms and legislative history [6] of Section 4082(c) make it clear that the decision as to whether or not to authorize work release is one dependent on an exercise of discretion by the Attorney General. Although Congress recognized in amending Section 4082 in 1965 that work release may, in some instances, be a valuable rehabilitative tool,[7] it did not establish an absolute legal right to immediate work release such as is urged by petitioners.[8]

Since we find petitioners' contentions that the District Court erred in denying their motions frivolous, the motions before us for leave to proceed on appeal *in forma pauperis* are denied.

So ordered.

---

or impair existing contracts for services; and

    (iii) the rates of pay and other conditions of employment will not be less than those paid or provided for work of similar nature in the locality in which the work is to be performed.

A prisoner authorized to work at paid employment in the community under this subsection may be required to pay, and the Attorney General is authorized to collect, such costs incident to the prisoner's confinement as the Attorney General deems appropriate and reasonable. Collections shall be deposited in the Treasury of the United States as miscellaneous receipts.

6. S.Rep. No. 613, 89th Cong., 1st Sess. 5; H.R.Rep. No. 694, 89th Cong., 1st Sess. 3.

7. Id.

8. Petitioner Green, in his *in forma pauperis* motion before this court, places primary reliance on 18 U.S.C. § 4082, but also cites 24 D.C.Code § 463. Apparently Green intends to cite 24 D.C. Code § 461, which establishes a work release program for the benefit of certain minor offenders. In addition to allowing the sentencing court to authorize work release for persons convicted of minor offenses, § 461 provides that "[s]uch a work release privilege may also be granted, *in the discretion of the sentencing court, whenever there exist such special circumstances as merit the granting of the privilege*." (emphasis supplied). Even assuming that Green intended to invoke this provision, we certainly could not hold that the District Court abused its discretion in finding that there were no "special circumstances" which merited the granting of the privilege in this case.