Robert CONTEE, a/k/a Elbert McKinney, Appellant,

v.

UNITED STATES, Appellee.

Bobby L. HODGES, Appellant,

v.

UNITED STATES, Appellee.

Nos. 7564, 7635.

District of Columbia Court of Appeals.

Argued Nov. 14, 1973.

Decided Feb. 11, 1974.

Noel H. Thompson, Washington, D. C., appointed by this court, for appellants.

Garey G. Stark, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before KELLY, GALLAGHER and YEAGLEY, Associate Judges.

---

KELLY, Associate Judge:

Appellant Contee was found guilty of carrying a pistol without a license and given an enhanced sentence of forty months to ten years, having previously been convicted of a felony.[1] Appellant Hodges was convicted of an assault with a dangerous weapon and sentenced to a prison term of three to ten years, later reduced to eighteen months to ten years.[2] Both appellants thereafter moved the trial court to place them on a work release program pursuant to D.C.Code 1973, § 24–461.[3] Contee's motion was denied as (a) untimely, and (b) on the merits; Hodges' letters requesting work release were treated as motions for reconsideration of sentence and also denied.

■ These appeals are based upon the assumption that the trial judge denied the "petitions" for work release because each appellant had been convicted of a felony, and was thus ineligible for consideration under the District of Columbia Work Release Act,[4] rather than as an exercise of the court's discretion under the Act.[5] This, they argue, was error for in their opinion both felons and misdemeanants are eligible for work release under § 24–461, which provides:

There is hereby authorized to be established in the District of Columbia a work release program under which any person who is (1) convicted of a misdemeanor or of violating a municipal regulation or an Act of Congress in the nature of a municipal regulation, and is sentenced to serve in a penal institution a term of one year or less, (2) imprisoned for nonpayment of a fine, or for contempt of court, or (3) committed to jail after revocation of probation pursuant to section 16–2350, may, whenever the judge of the sentencing court is satisfied that the ends of justice and the best interests of society as well as of such person would be subserved thereby, be granted the privilege of a work release for the purpose of working at his employment or seeking employment. *Such a work release privilege may also be granted, in the discretion of the sentencing court, whenever there exist such special circumstances as merit the granting of the privilege.* As used in this subchapter, the word "sentence" and its derivatives shall be construed to include sentencing, imprisonment, and commitment as referred to in this section. [Emphasis added.]

Appellants' reliance upon the above emphasized language is misplaced. The statute is clear that it applies to three enumerated classes of persons imprisoned for minor offenses and authorizes work release whenever the sentencing judge "is satisfied that the ends of justice and the best interests of society as well as of such person[s] would be subserved thereby . . . ." The *privilege* of work release may also be granted in the discretion of the sentencing court to members of *those three classes of persons,* not imprisoned felons, whenever there exist such special circumstances as merit the granting of the privilege. The

1. D.C.Code 1973, § 22–3204.

2. Hodges has, along with his wife and mother, kept up a regular correspondence with the trial judge since his conviction. His several pro se motions requesting credit for time spent on personal bond while awaiting trial were denied, as were a motion for bond pending appeal and a motion for new trial. After his conviction was affirmed on appeal a second motion for new trial, filed by counsel, was heard and denied, but a simultaneous oral motion for reduction of sentence was granted.

3. Contee's motion, filed pro se, was entitled "Motion for Reduction in Sentence, (Work Release Rehabilitation Program), under Title 18, Section 4082, U.S.C., and Motion for Modification of Sentence". He did, however, refer to Title 24, Sections 461–463 of the D.C. Code in his notice of appeal.

4. D.C.Code 1973, § 24–461 et seq.

5. *See* the comment of the Circuit Court in Green v. United States, 157 U.S.App.D.C. 40, 481 F.2d 1140, 1142 n. 8 (1973).

logic of this interpretation of the statute is underscored by the fact that before the passage of the District of Columbia Work Release Act convicted felons were, and indeed they continue to be, granted work release at the discretion of the Attorney General under the provisions of 18 U.S.C. § 4082 (1970). Nothing in the legislative history of the Act supports appellants' position,[6] and no reason suggests itself why Congress would enact yet another work release act to be applicable to felons as well as misdemeanants when one already exists. Accordingly, should appellants' assumption regarding the court's reasoning be correct, the motions for work release were properly denied.[7]

 Appellant Contee also argues that he was entitled to a hearing on his motion for reduction of sentence because there is nothing in the record on appeal to show that the trial judge made a specific finding that he had previously been convicted of a felony, *citing* United States v. Marshall, 142 U.S.App.D.C. 167, 440 F.2d 195, cert. denied, 400 U.S. 909, 91 S.Ct. 153, 27 L. Ed.2d 148 (1970). In *Marshall,* as here, an "Information of Prior Conviction" was filed with the court; however, no mention of the Information or of the fact of Marshall's prior conviction was made in the course of the sentencing proceedings, nor was there any proof of such conviction in his presence. Since appellant Contee has not provided this court with a transcript of the sentencing proceedings in his case we can only presume that the proper sentencing procedure was followed.[8] Consequently, we have no way of reviewing this contention of error.

Affirmed.

6. "The objectives of this work release program are directed primarily at rehabilitation of younger misdemeanants convicted of minor offenses, and also to reach persons who are contemptuous of court orders . . . ." H.R.Rep.No.2250, 89th Cong., 2d Sess. 2 (1966).

7. The contention that the trial judge is *required* to hold a hearing on a petition for work release is without merit.

8. *See* Smith v. United States, D.C.App., 304 A.2d 28 (1973).