Beine J. BURRELL, a/k/a Ronald B. Burrell, Appellant,

v.

UNITED STATES, Appellee.

No. 7175.

District of Columbia Court of Appeals.

Argued Oct. 16, 1973.

Decided Jan. 30, 1975.

George F. Bason, Jr., Washington, D. C., appointed by this court, for appellant.

Joseph B. Valder, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

This appeal follows a denial of appellant's pro se motion under Super.Ct.Cr.R. 35 for reduction of sentence, which was acted upon by the trial court without the appointment of counsel. The motion was filed after we granted appellant's motion to dismiss his appeal from the conviction of possessing a pistol without a license. Appellant had been sentenced to serve a term of from one to three years to run consecutively to an earlier sentence resulting from a felony conviction.

He alleged as reasons for granting the instant motion that his superiors and others in authority at Lorton Reformatory are satisfied that he is rehabilitated and ready for release; that having served in excess of 40 months of his previous sentence he is eligible for work release or parole; that a neighborhood development center had made a work release job available to him in Washington, D. C.; that he is prevented from realizing the foregoing "only because his sentence in this case is to run consecutively to his previous sentence, therefore prompting a transfer to Lewisburg Penitentiary because of a Federal Sentence imposed." In his letter to the court clerk transmitting the motion he said, "I do not have a lawyer, and I would like to have a lawyer appointed to represent me for this Motion." The court, after reviewing the motion and the papers appended thereto and his presentence report, denied the motion without acceding to the request for appointment of counsel. We think the court acted correctly and affirm.

Appellant is not here questioning the court's action in denying the motion for a reduction of sentence. The sole issue raised on appeal is whether or not the court's failure to appoint counsel deprived him of his constitutional right to such representation at a critical stage of his prosecution.

■ Supreme Court decisions regarding an accused's right to counsel make it clear that appointment of counsel is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected, from custodial interrogation through trial and appeal. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 2d 336 (1967). Here, however, appellant has already lost his liberty and his appeal has been dismissed. He asks that part of that liberty be restored.

This is not a situation where an indigent defendant needs legal representation to defend himself against governmental action; that is, it is not an action brought by the government against the defendant such as one to revoke probation[1] or to revoke his parole.[2] This proceeding resembles those only insofar as it likewise arose after trial, sentencing and appeal. It was initiated by one who had run the gamut of the adjudicatory process. Appellant here had the assistance of counsel at the sentencing stage, when both counsel and the appellant were accorded the right to speak. The sentence imposed was within the statutory limits. Furthermore, as we shall see, the motion did not present to the court an appropriate basis for reduction of sentence.

In the probation revocation case of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court held that it was error for the court of appeals to hold that the State has a con-

---

1. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

2. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

stitutional duty to provide indigents with counsel in all probation or parole revocation cases. *Id.* at 787, 93 S.Ct. 1756, 1762. The Court apparently was of the view that frequently there would be little to be resolved at such a proceeding, noting that in most cases such a movant "has been convicted of committing another crime or has admitted the charges against him." *Id.* (Footnote omitted.) It said, "The need for counsel at revocation hearings derives, not from the invariable attributes of those hearings, but rather from the peculiarities of particular cases." *Id.* at 789, 93 S.Ct. at 1763. The Court held:

> We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. . . . [T]here will remain certain cases in which fundamental fairness—the touchstone of due process—will require that the State provide at its expense counsel for indigent probationers or parolees. [*Id.* at 790, 93 S.Ct. at 1763.]

■ Although we are not faced with the motion of a probationer or parole violater, the problem we face is not entirely dissimilar. Further, we are not cited to any authority, and we know of none, holding that whenever one moves for a reduction of sentence he thereby becomes constitutionally entitled to counsel. It cannot be said that appellant has been deprived of a substantive right. There is no right to work release, which is the objective underlying his motion, any more than there is a right to a reduction of confinement time. Green v. United States, 157 U.S.App.D.C. 40, 481 F.2d 1140 (1973).

■ The matters alleged in the motion are not considerations relevant to sentencing[3] nor are they factors which would ordinarily be considered on a motion for reduction of sentence. The appellant's motion was based primarily on his alleged rehabilitation and good prison behavior. Such post-sentencing developments quite clearly represent the sort of factors that are more appropriately considerations for the Board of Parole in determining a prisoner's eligibility for parole. United States v. Maynard, 485 F.2d 247 (9th Cir. 1973); State v. Dunn, 111 N.H. 320, 282 A.2d 675 (1971).

■■ The question of whether the appellant had a statutory, as distinguished from a constitutional, right to counsel in this case under the Criminal Justice Act[4] was raised sua sponte by this court at oral argument. The pertinent statutory provision provides that:

> A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, including ancillary matters appropriate to the proceedings. . . . [18 U.S.C. § 3006A(c) (1970).]

---

3. The Policies and Standards for Sentencing adopted by the 9th Circuit Court of Appeals, July 8, 1960, 27 F.R.D. 390, provides:
   3. A proper sentence is a composite of many factors, including the nature of the offense, the circumstances—extenuating or aggravating—of the offense, the prior criminal record, if any, of the offender, the age of the offender, the record of the offender as to employment, the background of the offender with reference to education, home life, sobriety and social adjustment, the emotional and mental condition of the offender, the prospects for the rehabilitation of the offender, the possibility of a return of the offender to a normal life in the community, the possibility of treatment or of training of the offender, the possibility that the sentence may serve as a deterrent to crime by this offender, or by others, and the current community need, if any, for such a deterrent in respect to the particular type of offense involved.

4. 18 U.S.C. § 3006A (1970). The Criminal Justice Act is made expressly applicable in the District of Columbia in 18 U.S.C. § 3006A(*l*) (1970).

It is noted that this provision is for all practical purposes identical to section 2 of the District of Columbia Criminal Justice Act, Pub.L. No. 93–412 § 2 (September 3, 1974) (now codified as § 11–2603 of the D.C. Code). We do not construe § 3006A(c) to require the appointment of counsel to assist in the preparation of a post-appeal motion for a reduction of sentence. We agree with the court in Dirring v. United States, 353 F.2d 519, 520 (1st Cir. 1965), that "[a]fter final conviction the appointment of counsel must rest in the discretion of the court."

 Nor do we find that the law in this regard was changed when Congress amended § 3006A(c) in 1970 by adding the phrase "including ancillary matters appropriate to the proceedings." The legislative history of this amendment indicates that it was not intended to change existing law, but rather to clarify it and insure that compensation was available to appointed counsel for remedies technically outside the scope of the trial such as *habeas corpus ad testificandum* and mental competency hearings.[5] There is no indication that the amendment was intended to create a statutory right to counsel to aid in the filing of motions after final conviction.[6] The appointment of counsel in these instances is a matter within the sound discretion of the court.

We think that an indigent's right to appointed counsel for a reduction of sentence motion should be restricted by the trial court to situations raising the kind of an issue, supported by specific factual allegations, wherein fundamental fairness requires the appointment of counsel if standards of due process are to be met. No such issue is raised here. Accordingly

we hold that 18 U.S.C. § 3006A(c) (1970) does not require that counsel be appointed upon the defendant's request before the court can determine the substance of a Rule 35 motion which is filed after final conviction and that the motion before the trial court in this case, being patently deficient, did not present the sort of an issue requiring the appointment of counsel. No other issue being raised by this appeal, the order is

Affirmed.

---

5. 2 U.S.Code Cong. & Admin. News p. 3989 (1970). We also note in this regard that the trial court in Green v. United States, *supra*, denied the pro se motions for reduction of sentence filed by two prison inmates. The Circuit Court subsequently denied the pro se motions for leave to proceed on appeal in forma pauperis filed by both inmates. No

mention was made in that case of a statutory right to counsel under amended § 3006A(c).

6. This decision is not meant to affect any right appointed counsel may have to claim compensation under the Criminal Justice Act for motions filed after final conviction on behalf of one's client.