**UNITED STATES of America**

v.

**Fermin Rivera MORALES, Defendant.**

**No. 79 CR 542.**

United States District Court,
E. D. New York.

Oct. 8, 1980.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y. (Thomas G. Roth, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff.

Ira Leitel, New York City, for defendant.

Leon Polsky, Brooklyn, N.Y., Federal Defender Services Unit, The Legal Aid Soc. (Jack Lipson, Thomas Concannon, Darrell Paster, Brooklyn, N.Y., of counsel), for amicus curiae.

NICKERSON, District Judge.

The issue raised in this case is whether the government may question a person who has pleaded guilty and been sentenced about matters related to the subject matter of his criminal charges in the absence of appointed counsel when the time for a F.R. Cr.P. Rule 35 motion for reduction of sentence has not yet expired.

On November 5, 1979 this court appointed Ira Leitel, Esq. to represent the defendant pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, and F.R.Cr.P. Rule 44(a) in a five count indictment charging conspiracy and distribution of heroin. The defendant pleaded guilty on November 29, 1979 to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. The four other counts were dropped on motion of the United States Attorney. On January 13, 1980, this court sentenced the defendant to three years and three months in prison and to a Special Parole Term of five years. At that time the defendant began to serve his sentence though he had been incarcerated since September 20, 1979, the date of his arrest.

The government then served the defendant with a writ of *habeas corpus ad testificandum* asking his presence before the grand jury on February 14, 1980 to give testimony regarding the source of the supply of heroin he was convicted of having conspired to distribute. On February 14 the defendant was interviewed by government attorneys at the Office of the United States Attorney for the Eastern District of New York. It is undisputed that defendant's attorney, Mr. Leitel, was not notified of this questioning, that formal *Miranda* warnings were not given, and that the interview occurred within the 120 days allowed to file a motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure.

On April 16, 1980, defendant moved this court for an order "declaring that a defendant who has pled guilty and been sentenced continues to be represented by his court appointed attorney until the time for a Rule 35 motion for reduction of sentence has expired." Defendant also sought an order "prohibiting the Government from attempting to question a defendant after sentence on a subject for which defense counsel has been assigned without the presence and knowledge of defense counsel."

I.

The Criminal Justice Act, 18 U.S.C. § 3006A(c), provides in part:

"A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States Magistrate or the court through appeal, including ancillary matters appropriate to the proceedings."

The issue before this court is whether the representation provided under this Act continues until the 120 days for a Rule 35 motion for reduction of sentence has expired. The legislative history of Section 3006A sheds little light. The meaning of "appeal" was never delineated. "Ancillary

matters appropriate to the proceedings", according to the House Report, was added "to insure that the rights of the person are fully protected." However, the examples given of such ancillary matters include the use of a *habeas corpus ad testificandum* to secure the testimony of witnesses and the filing of an application regarding competency to stand trial. House Report No. 91–1546, 91st Congress, 2nd Sess. *reprinted in* (1970) *U.S. Code Cong. & Admin. News* pp. 3982, 3989. Any attempt to deduce meaning from the language or history of the Act would constitute an exercise in futility; Congress simply did not consider the issue when it passed this legislation.

 A criminal defendant has a constitutional right to be represented by counsel at every stage in the criminal proceeding when substantial rights of the accused may be affected. *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Sentencing is such a critical stage. *Id.; Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 1205, 51 L.Ed.2d 393 (1977). So is appeal of a conviction. *Douglas v. People of the State of California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). A Rule 35 motion, however, is in the nature of an appeal of a sentence, albeit not an appeal to a higher court. Its purpose is to give "every convicted defendant a second round before the sentencing judge, and at the same time, it affords the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim." *United States v. Ellenbogen*, 390 F.2d 537, 543 (2d Cir.), *cert. denied*, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). Thus, though the defendant waived his right to appeal his conviction when he entered an unconditional guilty plea, he did not waive his right to apply to this court to reduce his sentence under Rule 35.

 If an indigent defendant's access to an attorney under Section 3006A were to end once he is sentenced on a guilty plea, his right to a "second round before the sentencing judge" under Rule 35 would ef-

fectively be denied. *See Williams v. United States*, 402 F.2d 548, 552 (8th Cir. 1968) ("A defendant without aid of counsel to perfect his right to appeal would be in effect denied a right to appeal.") Few indigents can marshal the evidence of mitigating circumstances necessary to win a reduction of sentence. Fewer still have the negotiating tools to use a Rule 35 motion as a last opportunity to exchange cooperation with the prosecution for its support of a lighter sentence. The guidance of counsel is an essential protection for an accused during plea bargaining. *Gallarelli v. United States*, 441 F.2d 1402, 1405 (3d Cir. 1971). It is no less essential after the plea has been entered, when the defendant's bargaining chip is no longer the threat of a jury trial but the information and access he can offer the prosecution.

 An attorney's appointment to represent an indigent under Section 3006A extends until a motion under Rule 35 is filed and argued, or the 120 days to file the motion has expired, or the defendant has decided upon advice of counsel not to file a Rule 35 motion. Compensation under the Criminal Justice Act may be requested by appointed counsel until this point. Similarly, an appointed attorney may not withdraw from a case until this point without leave of court granted by order. *Gen. Rules of E.D.N.Y.*, Rule 4(c). This court does not decide whether an attorney's appointment under Section 3006A extends beyond the time to file a Rule 35 motion, nor whether an indigent *pro se* defendant has the right to appointment of counsel solely for the purpose of applying for a reduction of sentence under Rule 35. *See generally Burrell v. United States*, 332 A.2d 344 (D.C. App.), *cert. denied*, 423 U.S. 826, 96 S.Ct. 42, 46 L.Ed.2d 43 (1975).

## II.

 An indigent criminal defendant with appointed counsel enjoys the same attorney–client privilege as a wealthier defendant with the financial resources to retain private counsel. Part of that privilege is the right to be free from questioning by

opposing counsel regarding any matter related to his criminal case without the knowledge and consent of his own attorney. *See Code of Professional Responsibility*, DR 7–104(A)(1); *United States v. Carlson*, 423 F.2d 431, 440–442 (9th Cir.), *cert. denied*, 400 U.S. 847, 91 S.Ct. 94, 27 L.Ed.2d 84 (1970). It was improper for a government attorney to question the defendant regarding matters related to the transaction for which he was convicted before the time to file a Rule 35 motion had passed without first consulting with and receiving the consent of defendant's attorney. Offering to provide an attorney during the interview is not a satisfactory substitute for consultation with defendant's appointed attorney.

The government argues that it would serve no purpose to require the knowledge and consent of defendant's attorney before interviewing the defendant as to the source of his heroin supply. It maintains that the defendant waived his Fifth Amendment right against self–incrimination regarding these charges by pleading guilty to the conspiracy count, so presence of counsel is not needed to preserve this right. Furthermore, the government insists it had no intention of using anything the defendant said against him. Finally, if the defendant refused to cooperate, the government claims that it intended formally to grant him immunity and require his testimony before the grand jury.

The government no doubt could force defendant's testimony before the grand jury by providing immunity. But that possibility does not vitiate the potential role of an attorney in this instance. What the defendant says to government attorneys at this type of interview may be used against him in a Rule 35 motion. The defendant is entitled to advice of appointed counsel before he makes any potentially damaging statements. Furthermore, the presence of appointed counsel may ensure that the defendant indeed receives immunity before risking self–incrimination in describing his criminal connections. Finally, if the defendant wishes to offer full–fledged cooperation to the government in a separate prosecution, the presence of his appointed attorney may be necessary to ensure that this cooperation is properly acknowledged in a Rule 35 motion.

In conclusion, this court declares that:

1. An attorney's appointment to represent an indigent under the Criminal Justice Act, 18 U.S.C. § 3006A, extends until a motion for reduction of sentence under Rule 35 is filed and argued, or the 120 days to file the motion has expired, or the defendant has decided upon advice of counsel not to file a Rule 35 motion.

2. Before the expiration of this appointment, it is improper for a government attorney to question a defendant regarding matters related to the transaction for which he was convicted without first consulting with and receiving the consent of defendant's counsel.