**Nicholas SILANO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CV 84–4906.**

United States District Court, E.D. New York.

Nov. 15, 1985.

Nicholas Silano, pro se.

Raymond J. Dearie, U.S. Atty. by Catherine E. Palmer, Asst. U.S. Atty., Brooklyn, N.Y., for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In 1982, petitioner Nicholas Silano was tried and convicted of conspiracy to import marijuana, importation of marijuana and possession with intent to distribute. 21 U.S.C. §§ 963, 952 and 841.[1] He was sentenced to three concurrent four-year terms of incarceration, a fine of $5,000.00, and two concurrent special parole terms of five years. His co-defendant, Joseph Frank, was also convicted after trial, but his sentence of three concurrent four-year terms of imprisonment was suspended to three months imprisonment and three years of special parole.

After judgment of conviction Mr. Silano's attorney filed an appeal to the U.S. Court of Appeals for the Second Circuit, which affirmed the conviction, and then a petition for a writ of certiorari to the U.S. Supreme Court, which was denied. Next, a motion for a new trial was made to the district court. This was denied after an evidentiary hearing.

Petitioner now seeks a writ of *habeas corpus*, 28 U.S.C. § 2255. He contends that judgment and sentence should be vacated because he received ineffective assistance of counsel. Mr. Silano's ground for alleging ineffective assistance of counsel is his attorney's failure to act on his request that a motion for reduction of sentence be made on his behalf pursuant to Rule 35(b), Fed.R.Crim.P. According to the Assistant United States Attorney, the 120-day period for a Rule 35(b) motion ended on or about October 18, 1983. The petition for *habeas corpus* relief was not filed until December 1984. In any event, Mr. Silano's stated bases for a Rule 35(b) motion are that his father is ill, the sentence is severe relative to his involvement in the crime, and "his state case and other factors, including events which have transpired since he was sentenced, ... are significant and could result in a reduction of sentence" (Petitioner's Memorandum of Law).

It is settled that a convicted federal criminal defendant cannot use the *habeas corpus* statute, 28 U.S.C. § 2255, in place of a motion to reduce sentence properly sought under Rule 35(b), Fed.R.Crim.P. *United States v. Patterson*, 739 F.2d 191, 196 (5th Cir.1984). Petitioner has avoided that bar by claiming ineffective assistance of counsel at a level sufficient to justify vacating his sentence and re-sentencing him to what he apparently hopes will be a reduced sentence.

Recently, Judge Getzendanner of the U.S. District Court for the Northern District of Illinois addressed the same issue. In an unpublished opinion in *James Smith v. United States*, No. 80 CR 545, (N.D.Ill. Jan. 2, 1985), Judge Getzendanner, after a thorough and well-reasoned discussion, concluded that counsel's failure to act on a criminal defendant's request that counsel move for reduction of sentence under Rule 35(b), Fed.R.Civ.P., does not constitute

---

1. Docket No. CR 81–609 (E.D.N.Y.).

ineffective assistance of counsel for purposes of 28 U.S.C. § 2255. The Court is persuaded by the reasoning and holding of that case. As the *Smith* case is not published, the Court here recapitulates much of Judge Getzendanner's reasoning.

First, the Court notes that the 120-day limit for filing a Rule 35(b) motion is jurisdictional and cannot be waived or extended. *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242–43, 60 L.Ed.2d 805 (1979). The question, then, is whether by in effect waiving petitioner's opportunity to ask for a reduction of sentence, counsel's action has "actually had an adverse effect on the defense" of petitioner. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Under the *Strickland* analysis there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068.

Mr. Silano argues that he need not show the probability of a different result. He relies on a line of cases holding that counsel's failure to appeal a conviction or sentence, or inform defendant of his right to appeal is itself ineffective assistance and no showing of probable success on appeal is necessary. *E.g., Collins v. United States*, 418 F.Supp. 577, 580–82 (E.D.N.Y. 1976) (and cases cited therein). At the foundation of this holding is the principle that appeal from a judgment of conviction in the federal courts is a matter of right. *Coppedge v. United States*, 369 U.S. 438, 441–42, 82 S.Ct. 917, 919, 8 L.Ed.2d 21 (1962). In contrast, an application for reduction of sentence under Rule 35(b), Fed. R.Crim.P., is a plea for leniency addressed to the district court's discretion. *E.g., Shraiar v. United States*, 736 F.2d 817, 818 (1st Cir.1984). As such, it is not analogous to an appeal as of right, but is analogous to a discretionary review. *See, e.g., Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). Therefore, failure of counsel to file timely a Rule 35(b) motion is not in itself ineffective assistance of counsel. *United States v. Hamid*, 461 A.2d 1043 (D.C.1983), *cert. denied* 464 U.S. 1046, 104 S.Ct. 718, 79 L.Ed.2d 180 (1984).

Mr. Silano would base his Rule 35(b) motion on his father's illness, other unspecified circumstances, and the severity of his sentence. The first two grounds are clearly pleas for leniency. As petitioner's sentence is within legal limits, reduction based on the severity argument is also an act of leniency discretionary with the Court. Obviously, where granting a motion is discretionary with the Court reasonable probability of success is a matter of speculation. There can be no contention that the Court probably would have granted Mr. Silano's Rule 35(b) motion had counsel filed it timely.

Nevertheless, this ignores the more important point. Where review is discretionary no Sixth Amendment right to counsel attaches. *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475. Therefore, Mr. Silano had no right to the assistance of counsel for a Rule 35(b) motion, much less a right to effective assistance. *Id.; Smith v. United States,* No. 80 CR 545 slip. op. at 7, (N.D.Ill. Jan. 2, 1985); *United States v. Hamid*, 461 A.2d 1043 (D.C.1983), *cert. denied* 464 U.S. 1046, 104 S.Ct. 718, 79 L.Ed.2d 180 (1984). Thus, counsel's failure to move for a reduction of sentence did not violate Mr. Silano's Sixth Amendment rights.

In light of the foregoing discussion, the Court concludes that counsel's failure to file timely a motion for reduction of sentence pursuant to Rule 35(b), Fed.R. Crim.P., does not rise to the level of a violation of constitutional rights. Accordingly, Mr. Silano's petition for a writ of *habeas corpus*, 28 U.S.C. § 2255, is denied.

The Clerk of the Court is hereby directed to enter judgment in favor of the respondent and denying the petition for *habeas corpus.*

SO ORDERED.