**UNITED STATES of America**

**v.**

**Candelario NEVAREZ–DIAZ.**

**Crim. No. HCR 85–39.**

**Civ. No. H 86–746.**

United States District Court, N.D. Indiana, Hammond Division.

Nov. 12, 1986.

No appearance for U.S.

Candelario Nevarez-Diaz, pro se.

## ORDER

MOODY, District Judge.

This matter is before the court on a habeas corpus motion filed, pursuant to 28 U.S.C. § 2255, by petitioner Candelario Nevarez-Diaz on October 20, 1986. Pursuant to Rule 4, Rules Governing Section 2255 Proceedings in the United States District Courts ("Rules"), the court has conducted a preliminary consideration of the petitioner's motion and has found that he is not entitled to relief. Therefore, for the reasons discussed below in support of its finding, the court ORDERS that Mr. Nevarez-Diaz's section 2255 motion is hereby DENIED.

### I. Background

On September 30, 1985, petitioner Nevarez-Diaz, along with a codefendant, was arrested by agents of the Drug Enforcement Administration ("DEA") on charges of selling and possessing heroin. Petitioner made an initial appearance that same day before U.S. Magistrate Andrew P. Rodovich. Petitioner requested court-appointed counsel and, on October 3, 1985, Magistrate Rodovich appointed attorney I. Alexander Woloshansky to represent him.

At the arraignment conducted on October 24, 1985, petitioner entered an initial plea of not guilty to a twenty-one (21) count indictment. During the subsequent month and a half, petitioner and his attor-

ney initiated negotiations with the United States of America ("government") concerning a possible plea agreement. On December 16, 1985, petitioner appeared before this court with his attorney in order to enter a change of plea. By the terms of the agreement, petitioner agreed to plea guilty to three of the twenty-one counts.

The court, after lengthy and detailed questioning of petitioner, took the motion to enter a change of plea under advisement. On February 14, 1986, the court accepted petitioner's motion to change his plea from not guilty to guilty, and then sentenced him to 15 years' incarceration.

## II.

▌ Nevarez-Diaz first argues that he was denied effective assistance of counsel ·because his attorney failed to make clear to him that the sentences for the three counts he pled guilty to could run consecutively.

"To demonstrate ineffective assistance of counsel, a defendant must establish that the trial counsel's performance fell below an objective standard of reasonableness, and that the deficient performance prejudiced him." *United States v. Driver,* 798 F.2d 248, 253–52 (7th Cir.1986) (citing to *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) and *Nutall v. Greer,* 764 F.2d 462, 466 (7th Cir.1985)). This two-part test, as articulated by the Supreme Court in *Strickland,* has recently been held to apply "to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart,* — U.S. —, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Applying the two-part test to this case, the court finds that petitioner has no factual basis for suggesting that his attorney's advice was incompetent, or that he was misinformed by his attorney about the maximum length of his sentence. *See Hill v. Lockhart,* — U.S. —, 106 S.Ct. 366,

372, 88 L.Ed.2d 203 (1986) (White, J., concurring).

In his motion, petitioner states:

I clearly understood from [my] appointed counsel that I was to be sentenced to five years on each count for a total of fifteen years, but that all sentences would be concurrent. I did not realize that the sentences were consecutive until I received my time calculation form upon my arrival at FMC–Rochester. I would not have entered my plea had I been aware of the consequences imposed.

The court cannot agree. The facts, as demonstrated by the entire record and the transcript [1] of the change-of-plea hearing, clearly show that petitioner was informed, both by counsel and this court, that his sentences could run consecutively. Furthermore, petitioner actually admitted at the hearing that he was fully aware that he might be sentenced to 15 years.

When entertaining a change of plea from a defendant who has entered into a plea agreement with the government, this court routinely engages in a detailed dialogue with the defendant to ensure that he is fully apprised of all aspects of the agreement and to verify that the defendant is making the agreement voluntarily. The court conducted such a dialogue with Nevarez-Diaz on December 16, 1985 and, as a result, the court is satisfied that Nevarez-Diaz was in fact aware that his sentences might run consecutively.

First, found in the record of this case is a four-page document entitled "Petition to Enter A Change of Plea" which was filed in open court on December 16, 1985. Appearing on page four of this document are the signatures of Candelario Nevarez-Diaz, his counsel Alex Woloshansky, and Assistant United States Attorney Bruce D. Brattain. Paragraph 9(c) of that document explained petitioner's maximum sentence exposure as follows:

In further consideration of my plea of GUILTY, the Government has agreed with me and my counsel that any period

---

**1.** Actually, there was no written transcript of the hearing for the court to consider. Instead,

the court reviewed a tape recording of the entire hearing.

of incarceration imposed upon me under Counts I, XV, and XIX, should the Court impose a term of incarceration should not exceed fifteen (15) years.

Second, there are statements at the end of the document indicating that Nevarez-Diaz believed that his attorney had done all that anyone could do to counsel and assist him, and that he understood the terms of the agreement fully, and finally, that he was making the agreement knowingly and voluntarily.

Third, at the hearing, this court reviewed the details of this document with petitioner. Specifically, the court directed petitioner's attention to paragraph 9 and to his own signature at the end of the document. In response, petitioner stated emphatically that he understood paragraph 9 and verified that the signature on the document was his own. Petitioner informed the court that his attorney had sat down with him prior to the hearing and had reviewed the document thoroughly.

Fourth, the court then offered a more expanded explanation of the agreement in order to satisfy itself that Nevarez-Diaz did in fact understand the import of his plea of guilty. The court explained that by pleading guilty to the three counts that petitioner could receive a sentence ranging from mere probation to the full fifteen years. Again, petitioner assured the court that he understood. Finally, the court asked petitioner if he had been given any assurances or promises, apart from those in the agreement, by anyone, including his attorney or the government, petitioner responded negatively.

Therefore, based on the foregoing review of the entire record and the transcript of the hearing, the court finds that Nevarez-Diaz was properly and adequately informed by his attorney that his three sentences could run consecutively. Accordingly, the court finds that Nevarez-Diaz is not entitled to relief because there is nothing to indicate "that [defense] counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65.

### III.

Nevarez-Diaz also argues that he was denied effective assistance of counsel because his attorney failed to file a timely Rule 35(b) motion, Fed.R.Crim.P.

The record shows that Nevarez-Diaz was sentenced on February 14, 1986. In order for this court to entertain a Rule 35(b) motion, petitioner had to file the motion within 120 days of the day of sentencing.[2] Fed.R.Crim.P. 35(b). It is well settled that the 120–day time limit of Rule 35(b) is jurisdictional in nature and, as such, cannot be extended by the sentencing court. *United States v. Addonizio,* 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979); *United States v. Ellenbogen,* 390 F.2d 537 (2d Cir.1968); *Urry v. United States,* 316 F.2d 185 (10th Cir.1963); *United States v. Chicago Professional Schools, Inc.,* 302 F.2d 549 (7th Cir.1962).

Petitioner did not file his motion until August 13, 1986, ninety days beyond the jurisdictional deadline. Accordingly, on September 24, 1986, this court denied his Rule 35(b) motion. Nevarez-Diaz now petitions this court, under 28 U.S.C. § 2255, for relief from that order because of the ineffective assistance of his counsel. In his motion, Nevarez-Diaz states:

[M]y appointed counsel repeatedly promised me that he would file a timely Rule 35 Motion for me. Yet, after each assurance, after receiving information he requested from staff here at FMC–Rochester, he allowed the time for filing to expire without filing the Motion, thus

---

**2.** Actually, the 120–day time limit of Rule 35(b) begins to run "after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction or probation revocation." Fed.R.Crim.P. 35(b). Because no appeal was attempted in the instant action, the relevant date for commencing the 120–day period is the date of sentencing, February 14, 1986.

denying me the opportunity of having my sentence reviewed.

Petitioner contends that he was denied his constitutional right to effective assistance of counsel because his court-appointed attorney failed to file a timely Rule 35(b) motion. Without reaching the issue of whether or not the failure to file a timely Rule 35(b) motion might constitute ineffective assistance counsel, as defined by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court finds that petitioner was neither constitutionally nor statutorily entitled to counsel for purposes of the post-trial Rule 35(b) motion and, consequently, he has no grounds for a claim of ineffective assistance of counsel.

The constitutional right to effective assistance of counsel is not limited to sixth amendment situations, the right has also been upheld under the due process clauses of the fifth and fourteenth amendments. *See* W. LaFave & J. Israel, *Criminal Procedure* 473–81 (1985). Additionally, Congress created statutory rights to effective assistance of counsel when it enacted 18 U.S.C. § 3006A. The court finds that Nevarez-Diaz was entitled to neither a constitutional nor a statutory right to effective assistance of counsel for the purpose of bringing his Rule 35(b) motion.

*A. Constitutional Right to Counsel*

■ The sixth amendment to the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. "It has long been recognized that the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763

(1970). When assessing the effectiveness of a particular counsel's assistance, no distinction is to be made between assigned and retained counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 233 (1980).

■ By definition, a Rule 35(b) motion is a post-trial proceeding and, logically, because it is not part of the criminal prosecution, it is outside the scope of the sixth amendment. A Rule 35(b) motion is not an appeal; it does not attack the legality of the sentence imposed nor does it call into question the validity of the underlying conviction. *Williams v. United States*, 470 A.2d 302, 305 (D.C.App.1983), *cert. denied*, 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 617 (1985); *United States v. Hamid*, 461 A.2d 1043, 1044–45 (D.C.App.1983), *cert. denied*, 464 U.S. 1046, 104 S.Ct. 718, 79 L.Ed.2d 180 (1984). Rather, Rule 35(b) is directed toward the discretion of the sentencing judge and is essentially a plea of leniency. *E.g., Shaiar v. United States*, 736 F.2d 817, 818 (1st Cir.1984); *United States v. Hooton*, 693 F.2d 857 (9th Cir. 1982). As such, a Rule 35(b) motion "is not analogous to an appeal as of right, but is analogous to a discretionary review." *Silano v. United States*, 621 F.Supp. 1103, 1105 (D.C.N.Y.1985).[3] Where review is discretionary no sixth amendment right to counsel attaches. *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). Therefore, the court finds that a Rule 35(b) proceeding does not implicate the sixth amendment right to an attorney.

The Supreme Court has found a right to counsel under the due process clause of the fourteenth amendment. The Court, in *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), first discussed this due process right to counsel as a protection of the then prevailing "fundamental fair-

---

**3.** The district court in *Silano v. United States*, 621 F.Supp. 1103 (E.D.D.C.N.Y.1985), was faced with the same sixth amendment issue in a case with nearly identical facts. The petitioner in *Silano* was asserting an ineffective assistance of counsel claim in a section 2255 habeas corpus motion because his court-appointed attorney failed to file a timely Rule 35(b) motion. The

*Silano* court found that the petitioner "had no right to the assistance of counsel for a Rule 35(b) motion, much less a right to effective assistance." *Id.* at 1105.

In reaching its decision, the *Silano* court relied upon a recent unpublished opinion of a district court from this circuit, *Smith v. United States*, No. 80 CR 545 (N.D.Ill. Jan. 2, 1985).

ness" test of the fourteenth amendment. *Powell* involved a prosecution by the state of Alabama in which the state interfered with the defendants' attempts to retain counsel. In finding a constitutional violation, the Court relied heavily upon the fourteenth amendment, which was applicable to the states, and its concept of due process. This due process analysis, with respect to the right to counsel, lost popularity with the courts when the sixth amendment was found to be applicable to the states through the fourteenth amendment. *Gideon v. Wainright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

However, courts still rely on the due process analysis in those areas not encompassed by the sixth amendment. In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Court, in the setting of a parole and probation revocation proceeding, found that the fourteenth amendment requires a state to provide appointed counsel where, under the facts of the particular case, counsel is needed to ensure the effectiveness of the hearing rights guaranteed by due process. *Id.* at 789, 93 S.Ct. at 1763.

The *Gagnon* Court recognized the "critical differences between criminal trials and probation or parole revocation hearings," *Id.* at 788–89, 93 S.Ct. at 1763, and went on to state that "we deal here, not with the right of an accused to counsel in a criminal prosecution, but with the *more limited due process right of one who is a probationer or parolee only because he has been convicted of a crime.*" *Id.* at 789, 93 S.Ct. at 1763 (emphasis added).

Applying these considerations to the instant case, the court finds that due process does not automatically require the federal government, under the fifth amendment due process clause, to appoint counsel to a convicted felon for purposes of bringing a Rule 35(b) motion. First, a Rule 35(b) proceeding is not a criminal prosecution. Second, as a convicted felon, Nevarez-Diaz is entitled to a more limited due process right because he has been convicted of a crime and already suffered a loss of liberty.

*Gagnon*, 411 U.S. at 789, 93 S.Ct. at 1763; *see also Lassiter v. Department of Social Services*, 452 U.S. 18, 26, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640 (1981). Here, Nevarez-Diaz has already lost personal liberty as a result of his plea bargain with the government. The Rule 35(b) proceeding poses no new threat of an additional loss of liberty; instead, it is an attempt by Nevarez-Diaz to appeal to the leniency of the sentencing court for a reduction of his sentence. *Shaiar*, 736 F.2d at 818; *Hooton*, 693 F.2d 857. Nevarez-Diaz's interest in liberty has already been severely diminished and "as [his] interest in personal liberty diminishes, so does his right to appointed counsel." *Lassiter*, 452 U.S. at 26, 101 S.Ct. at 2159.

Moreover, the court finds that the nature of a Rule 35(b) proceeding is not so technical and complicated as to necessitate assistance of counsel to ensure the effectiveness of the hearing. As noted earlier, a Rule 35(b) motion does not attack the legality of the sentence nor the validity of the underlying conviction, rather, it is directed towards the sentencing judge's discretion and appeals for his leniency. Generally, petitioners base such motions on changes in circumstances that were not apparent at the time of sentencing. Typical Rule 35(b) grounds presented to this court include: declarations of remorse by the petitioner; new medical problems for either the petitioner or his family; financial hardships on the petitioner's family; petitioner's cooperation with authorities; and petitioner's good behavior and apparent change in attitude. Reasons such as these are more personal than legal or technical and, as such, the court fails to see how a finding of a constitutional right to counsel would greatly assist in presenting such grounds to a court.

Therefore, the court holds that Nevarez-Diaz was not denied effective assistance of counsel because he was not constitutionally entitled to counsel.

### B. Statutory Right to Counsel

■ The court also finds that Nevarez-Diaz was not entitled to counsel under the

provisions of 18 U.S.C. § 3006A. Section 3006A(c) provides in pertinent part:

> A person for whom counsel is appointed shall be represented at every stage of the proceedings from initial appearance before the United States magistrate or the court through appeal, including ancillary matters appropriate to the proceedings.

18 U.S.C. § 3006A(c).

The court does not construe section 3006A(c) to require the appointment of counsel to assist in the preparation of a post-trial motion for a reduction of sentence. *Burrell v. United States*, 332 A.2d 344 (D.C.App.), *cert. denied*, 423 U.S. 826, 96 S.Ct. 42, 46 L.Ed.2d 43 (1975).[4] Moreover, the court finds that this construction of section 3006A(c) was not changed when Congress amended the law in 1970 by adding the phrase "including ancillary matters appropriate to the proceedings." A reading of the legislative history of this amendment demonstrates that it "was not intended to change existing law, but rather to clarify it and insure that compensation was available to appointed counsel for remedies technically outside the scope of the trial, such as habeas corpus ad testificandum and mental competency hearings." *Burrell*, 332 A.2d at 347; *see also* House Report 91–1546, 91st Congress, 2nd Sess. *reprinted* in (1970) *U.S.Code Cong. & Admin.News*, 3982, 3989. Never before was it understood that an attorney appointed by a court for purposes of a criminal trial was also appointed for purposes of a post-trial Rule 35(b) motion. In fact, the little case law that does exist on the issue leads to the opposite conclusion. *See United States v. Webb*, 534 F.Supp. 28, 30 (W.D.Ok.1981) ("[A]ppointment of counsel in an action to correct or reduce a sentence is discretionary with the Court."); *see generally Miranda v. United States*, 455 F.2d 402 (2d Cir.1972); *Desmond v. United States Board of Parole*, 397 F.2d 386 (1st Cir.), *cert. denied*, 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968); *Dirring v. United States*, 353 F.2d 519, 520 (1st Cir.1965) (After "final conviction the appointment of counsel must rest in the discretion of the Court.").

Since the 1970 amendment, one district court, in *United States v. Morales*, 498 F.Supp. 139 (E.D.N.Y.1980), found that an attorney's appointment to represent an indigent under section 3006A "extends until a motion under Rule 35 is filed or argued, or the 120 days to file the motion has expired, or the defendant has decided upon advice of counsel not to file a Rule 35(b) motion." *Id.* at 142. This court cannot agree with the novel construction given to section 3006A by its sister court.[5]

First, the court notes that this construction amounts to a substantial change in the

---

**4.** In *Burrell*, the District of Columbia Court of Appeals found specifically that an attorney appointed under 18 U.S.C. § 3006A is not appointed for purposes of bringing a Rule 35(b) motion. 332 A.2d at 347, *cert. denied*, 423 U.S. 826, 96 S.Ct. 42, 46 L.Ed.2d 43 (1975).

**5.** Even if 18 U.S.C. § 3006A(c) was read to appoint an attorney for purposes of a Rule 35(b) motion, it is unclear if the action taken by a court-appointed attorney would amount to state action so as to trigger the due process requirements of the fifth and fourteenth amendments. *Williams v. United States*, 470 A.2d 302, 306–07 (D.C.App.1983), *cert. denied*, — U.S. —, 105 S.Ct. 3483, 87 L.Ed.2d 617 (1985).

In *Williams*, the petitioner attempted to make the state-action argument necessary under a due process analysis. The *William's* court was not persuaded:

> We reject this analysis. In *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 102

S.Ct. 2744, 73 L.Ed.2d 482 (1982), the Supreme Court held that conduct satisfying the state action requirement of the Fourteenth Amendment satisfies the statutory requirement of action under color of state law [42 U.S.C. § 1983]." *Id.* 102 S.Ct. at 2753 n. 18. In *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) the Court held that a public defender does not act "under color of state law," 42 U.S.C. § 1983, in representing a criminal defendant. If conduct satisfying the state action requirement necessarily satisfies the under-color-of-state-law requirement, *Lugar, supra,* and if the conduct involved here (representing an indigent defendant) does not satisfy the under-color-of-state-law requirement, *Polk County, supra,* then it follows logically that the conduct involved here cannot satisfy the state action requirement.

*Id.* at 307

law without a clear indication by Congress to do so. The plain language of the statute —"every stage of the proceedings from his initial appearance ... through appeal"—is fairly read to exclude a post-trial motion like a Rule 35(b) motion. It is clearly not the function of this court, or any other court, to rewrite Congressional statutes by judicial fiat. *Gaertner v. United States*, 763 F.2d 787, 795 (7th Cir.1985).

Second, in expanding the right to counsel to encompass a Rule 35(b) motion, the *Morales* court relied on the 1970 amendment ("including ancillary matters appropriate to the proceedings"). However, there is no indication in the amendment's legislative history that Congress meant to create such a broad new right for post-conviction motions. In fact, a fair reading of the legislative history reveals that Congress was referring to "ancillary matters" that are conducted *simultaneously* with a criminal trial, "such as using a habeas corpus ad testificandum to secure the presence or testimony of witnesses, or filing of an application under 18 U.S.C. § 4244 regarding competency to stand trial," *U.S.Code Cong. & Admin.News*, 3989 (1970), and not post-trial matters like a Rule 35(b) motion.

Third, the *Morales* court also argued that the nature of a Rule 35(b) motion is so complex that "few indigents can marshal the evidence of mitigating circumstances necessary to win a reduction of sentence." 498 F.Supp. at 142. The court simply cannot agree with this assessment of the nature of a Rule 35(b) motion. As discussed earlier, such a motion does not involve intricate legal arguments; instead, a typical Rule 35(b) motion is made because of a change in the petitioner's personal or familial circumstances. There is no great need for an attorney to "marshal" such facts before presenting them to a court. The

petitioner himself is the best informed on the details of his own situation, an attorney would usually be unnecessary.

Finally, the *Morales* court argued that if a court-appointed attorney was not found to be appointed until at least 120 days after conviction a petitioner would effectively be denied the right to pursue a Rule 35(b) motion. Again, the court does not agree that such a motion is so complex that without an attorney a petitioner would effectively be denied the opportunity to bring it. However, if a particular case did present complex issues, so as to warrant an attorney, a petitioner could apply to the court for appointment of counsel under the *in forma pauperis* statute, 28 U.S.C. § 1915(d). Furthermore, if the issues in a case were that complex, the due process requirements of the fifth and fourteenth amendments would mandate the assistance of counsel in order to ensure the effectiveness of the hearing.

■ Therefore, in light of the fact that there is no indication that Congress meant to expand the statutory right to counsel and because there are viable alternatives presently in existence for obtaining counsel, the court finds that an appointment of counsel under 18 U.S.C. § 3006A does not extend to a possible posttrial Rule 35(b) proceeding. Having found that Nevarez-Diaz was neither constitutionally nor statutorily entitled to counsel, the court holds that he has no grounds for his claim of ineffective assistance of counsel.[6]

## CONCLUSION

The court, after conducting the necessary preliminary consideration of Nevarez-Diaz's section 2255 motion, finds that Nevarez-Diaz is not entitled to relief. It is,

---

**6.** The court notes that there is a separate and independent ground for denying Nevarez-Diaz relief on his second claim of ineffective assistance of counsel. As discussed earlier, a necessary element of such a claim is a showing that the alleged incompetence of counsel actually prejudiced the defendant. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Nevarez-Diaz has not met this requirement. He has not shown that if

his attorney had filed a timely Rule 35(b) motion, that this court would have reduced his sentence. Nevarez-Diaz presented no evidence whatsoever to substantiate his allegation of prejudice. Without such proof, his motion fails to satisfy the second prong of the *Strickland* test. *See Hill v. Lockhart,* —— U.S. ——, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985).

therefore, ORDERED that Nevarez-Diaz's section 2255 motion is hereby DENIED.