**John Patrick TULLY, Appellant,**

v.

**Edward SCHEU, United States Marshal for the District of New Jersey, and William F. Hyland, Attorney General of New Jersey.**

**No. 79–1113.**

United States Court of Appeals, Third Circuit.

Argued Aug. 8, 1979.

Decided Sept. 26, 1979.

---

Richard A. Sprague (argued), Philadelphia, Pa., for appellant.

John J. Degnan, Atty. Gen. of New Jersey, Trenton, N. J., of counsel and on brief; Rocky L. Peterson (argued), Deputy Atty. Gen., Division of Criminal Justice, Appellate Section, Princeton, N. J., for appellee.

Before ALDISERT and WEIS, Circuit Judges, and DIAMOND, District Judge.*

OPINION OF THE COURT

ALDISERT, Circuit Judge.

A New Jersey court rule provides that a criminal defendant may move for reduction of sentence within sixty days after judgment of conviction and that the sentencing judge may reduce the sentence within seventy-five days from the date of judgment "and not thereafter."[1]  This appeal by a

---

\* Honorable Gustave Diamond, of the United States District Court for the Western District of Pennsylvania, sitting by designation.

1.  New Jersey Court Rule 3:21–10, Reduction or Change of Sentence, provides:

    (a) Time.  Except as provided in paragraph (b) hereof, a motion to reduce or change a sentence shall be filed not later than 60 days after the date of the judgment of conviction, or, if a direct appeal is taken, not later than 20 days after the date of the judgment of the appellate court.  The court may reduce or change a sentence, either on motion or on its own initiative, by order entered within 75 days from the date of the judgment of conviction or, if a direct appeal was taken, within 35 days of issuance of the judgment of the appellate court, and not thereafter.

    (b) Exceptions.  A motion may be filed and an order may be entered at any time (1) changing a custodial sentence to permit entry of the defendant into a custodial or non-custodial treatment or rehabilitation program for

state prisoner from a denial of habeas corpus relief under 28 U.S.C. § 2254 requires us to decide whether New Jersey denied appellant rights assured by the sixth and fourteenth amendments to the Constitution under circumstances in which he timely moved for reduction of sentence, but the sentencing judge was prevented from granting relief because the hearing on the motion was adjourned to obtain substitute counsel for the defendant and was not completed before the seventy-five day period of the rule had run. Because we conclude that appellant was denied his constitutional right to counsel at a critical stage of the criminal proceeding, we reverse the denial of habeas corpus relief.

In denying relief, the district court accepted the state's contention that appellant had an adequate post-conviction remedy pursuant to New Jersey Court Rule 3:22 and also accepted the following reasoning of the United States Magistrate:

Recognizing that interpretation of its own rules is a matter peculiarly within the province of a State court, it is apparent that insofar as petitioner premises this application on a claim that the 75 day limitation contained in New Jersey Rule 3:21–10(a) is unconstitutional, it has no merit. To that extent this application should be denied. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2479, 53 L.Ed.2d 594 (1977).

Appendix at A51.

We perceive two apparent flaws in this reasoning. First, a federal constitutional claim is not a matter "peculiarly within the

purview of a State court." Second, the rule of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2479, 53 L.Ed.2d 594 (1977), was based on the premise that a petitioner seeking federal habeas review of a state conviction must satisfy the state's procedural rules for asserting his federal claim and that, absent a showing of cause for noncompliance, and of actual prejudice, failure by the *relator* to respect the state rules is to be considered a waiver of the right to assert the federal claim. Here, it is uncontroverted that appellant Tully respected the state procedural requirements to the letter.

The district court also accepted the magistrate's determination that appellant failed to exhaust state remedies: "Treating this application as alleging that petitioner's guilty or non vult pleas in the State court were not voluntary, in that the plea bargain upon which they were offered was not kept, . . . it is clear that petitioner has not exhausted his State remedies with regard thereto." Appendix at A51. Although this contention may have been raised below, appellant's principal argument there, as here, was that the denial of the opportunity to proceed with the sentence reduction hearing was the constitutional deprivation. Our independent examination of briefs filed by appellant before the New Jersey Supreme Court on April 21, 1977 in support of a petition for certification persuades us that appellant did exhaust his state remedy on this issue.[2]

## I.

On July 30, 1975, John Tully was sentenced by Judge McGann of the New Jersey

drug or alcohol abuse, or (2) amending a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant or (3) changing a sentence for good cause shown upon the joint application of the defendant and prosecuting attorney.

(c) Procedure. A motion filed pursuant to paragraph (b) hereof shall be accompanied by supporting affidavits and such other documents and papers as set forth the basis for the relief sought. A hearing need not be conducted on a motion filed under paragraph (b) hereof unless the court, after review of the material submitted with the motion papers, concludes that a hearing is required in the interest of justice. All changes of sen-

tence shall be made in open court upon notice to the defendant and the prosecuting attorney. An appropriate order setting forth the revised sentence and specifying the change made and the reasons therefor shall be entered on the record.

2. We are not confident that the magistrate examined the state court record as we have. The record is stored on positive background microfilm, a type not easily susceptible to photographic reproduction. It was necessary for us to review the pertinent portions of the brief by mechanical viewer in order to determine this issue.

Superior Court to serve an aggregate term of 12 to 15 years pursuant to a negotiated guilty plea. The sentence was to run concurrently with a 12-year sentence on unrelated federal charges to which Tully had also pleaded guilty. On August 8, 1975, contending that there was a breach of the plea bargain, *see Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *United States ex rel. Culbreath v. Rundle,* 466 F.2d 730 (3d Cir. 1972), Tully filed a timely motion for reduction of sentence in accordance with the alleged terms of the agreement. On October 9, 1975, seventy-one days after he was sentenced, a hearing went forward on the motion. Because the prosecution denied the terms of the plea agreement as averred by Tully, it was necessary for Tully's attorney to file a factual affidavit in support of the motion and to become a witness. The hearing was adjourned by the sentencing judge to allow Tully to obtain substitute counsel, and the next session of the hearing was not listed *by the court* until April 29, 1976, more than 200 days after the initial session. On that date the hearing, still unconcluded, was adjourned until May 24, 1976 when, for the first time, the state moved to dismiss the proceedings on the ground that Rule 1:3–4(c)[3] required the court to render its decision on the motion for reduction of sentence within the seventy-five day period set forth in Rule 3:21–10. On July 2, 1976, Judge McGann, by written opinion, denied the state's motion to dismiss, determining that the time limitation had been exceeded through no fault of Tully: "I believe the defendant and his counsel were lulled into a feeling that this restriction in the rule would be waived because of the special circumstances of Tully's situation."[4] Appendix at A24. The state appealed this decision and the appellate division of the superior court reversed, insisting upon strict con-

struction of the time constraints of Rule 3:21–10. The court noted that at the hearing on October 9 the state was prepared to accede to an affirmative request of the federal government to reduce the maximum sentence, but that no joint application was ever filed or contemplated by the state within the meaning of the rule. Appendix at A33. Significantly, the court did not discuss any constitutional question in its opinion, even though Point III of Tully's superior court brief referred to a fourteenth amendment issue. Exhibit R–2. In the brief accompanying the petition for certification to the New Jersey Supreme Court, Tully raised the issue of his constitutional right to counsel, contending that the sentence reduction hearing was adjourned to permit him to obtain counsel and that to deny him a hearing because of the time restraints imposed by court rule violated his right to counsel. Tully urged that "[c]ertification be granted to resolve whether a defendant may be deprived of this fundamental right by conflict in application of Court Rules establishing time limits and calling for the withdrawal of counsel." Petitioner's Brief for Certification at 7–8. Additionally Tully argued that

> by the continuance granted October 9, 1975, without objection by the State, the Defendant has apparently forever lost the State's agreement for a reduction of his maximum term of confinement from fifteen to twelve years. According to the construction of Rules 3:21–10(a) by the Appellate Division in its opinion, no order could have been entered to reduce Tully's term to twelve years after October 22, 1975. The loss of that reduction was for no other reason than the request of Defendant to proceed to a hearing on his Motion assisted by counsel. Imposition of

---

**3.** New Jersey Court Rule 1:3–4 provides for enlargements of time by court order or consent of the parties; section 1:3–4(c), however, prohibits the time specified by certain rules, including Rule 3:21–10(a), from being enlarged by either the court or the parties. *See* N.J. Ct.R. 1:3–4(c).

**4.** Tully had been incarcerated in a federal institution as part of the United States Marshal's witness protection program. The court noted that "[h]e could not be easily 'ordered into court,' but had to be brought in after special security arrangements were perfected. This predicament, among other things, was a drag and cause for delay." Appendix at A24.

a more severe sentence by reason of a Defendant's request for a hearing has been held to be impermissible, on grounds of due process of law, in another context [citing *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)]. *Id.* at 9.

In the proceedings before us, New Jersey has not directly addressed the constitutional issue. Rather, it contends that Tully's argument does not rise to a constitutional dimension and, even if it does, Tully has not been injured because he had available a post-conviction remedy at the state level. We disagree with both contentions.

## II.

■ At the October 9, 1975 hearing when the state challenged Tully's factual averments of the details of the plea agreement and it became apparent that the attorney who participated in the negotiations would be required to testify, it also became necessary that substitute counsel be selected. To argue, as does the state, that Tully has no absolute right to counsel in discretionary state appeals, *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), is to mistake the real issue. The spirit, if not the letter, of Rule 3:21–10 makes absolute the right to have heard a timely reduction of sentence motion because the court is given no discretion to refuse to entertain a timely motion. *See* N.J.Ct.R. 3:21–10. The hearing on the motion is not an appeal but a continuation of the guilty plea-sentencing proceeding at the trial court level. It is as much a part of a trial in the context of a guilty plea reception as the original sentencing proceeding. As Justice Stevens has recently stated:

it is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause. Even though the defendant has no substantive right to a particular sentence within the range authorized by statute, the sentencing is a critical stage of the criminal proceeding at which he is

entitled to the effective assistance of counsel. *Mempa v. Rhay,* 389 U.S. 128 [88 S.Ct. 254, 19 L.Ed.2d 336]; *Specht v. Patterson,* 386 U.S. 605 [87 S.Ct. 1209, 18 L.Ed.2d 326]. The defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process. See *Witherspoon v. Illinois,* 391 U.S. 510, 521–523 [88 S.Ct. 1770, 1776–1778, 20 L.Ed.2d 776].

*Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977) (opinion of Stevens, J., announcing the judgment of the Court).

■ We perceive the New Jersey sentence reduction procedure to be "a critical stage of the criminal proceeding." To a criminal defendant the most important aspect of entering a guilty plea is the nature of the sentence to be pronounced. The Supreme Court has held that counsel is required at probation revocation hearings, *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and what was said in that case has equal application here. In quoting Mr. Justice Jackson's concluding statements in *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), the Court noted: "In this case, counsel might not have changed the sentence, but he could have taken steps to see that the conviction and sentence were not predicated on misinformation or misreading of court records, a requirement of fair play which absence of counsel withheld from this prisoner." 389 U.S. at 133, 88 S.Ct. at 256. Commenting on the right to counsel at the entry of a guilty plea to a charge of murder in *Moore v. Michigan,* 355 U.S. 155, 160, 78 S.Ct. 191, 194, 2 L.Ed.2d 167 (1957), the Court emphasized that "[t]he right to counsel is not a right confined to representation during the trial on the merits."

■ We therefore hold that the constitutional right to counsel at the hearing during which sentence is pronounced applies with equal force and effect to the sentence re-

duction hearing provided under Rule 3:21–10. Once Tully began the proceeding with counsel, he had an absolute right to have counsel at his side throughout. New Jersey could not require Tully either to proceed with his original counsel, and thus be deprived of the lawyer's testimony concerning the facts of the plea negotiations, or to forgo counsel and proceed *pro se,* with his former attorney participating solely as a witness. Notwithstanding the exigencies of controlling court calendars and the other considerations that may underlie the time restraints of Rule 3:21–10, we are persuaded that the effect of the New Jersey appellate decision that precluded the sentencing judge from deciding appellant's timely motion was to interfere with an individual right deemed paramount to state interests: the constitutional right to counsel at the sentence reduction hearing. The denial of this right, under these circumstances, amounted to a constitutional deprivation for which relief may be available under 28 U.S.C. § 2254. In light of this disposition, it is not necessary for us to reach the broader question whether a defendant is denied due process when, for some other reason, the hearing judge does not meet the seventy-five day deadline in deciding a sentence reduction motion.

## III.

In its final argument the state contends that Tully could have effectively raised the federal constitutional issue through New Jersey Court Rule 3:22, the state's post-conviction remedies. We disagree. Post-conviction relief hearings are significantly different from sentence reduction hearings. At a post-conviction hearing, the defendant has the burden of proving a change in his situation that merits relief and is limited as to the grounds that may be presented to the hearing judge. To require Tully to pursue post-conviction relief would subject him to substantial burdens which he will not face at a sentence reduction hearing. In *State v. Kramer,* 98

N.J.Super. 539, 237 A.2d 907, 909–10 (1967), the court explained that a "defendant [seeking post-conviction relief] has the burden of showing by a preponderance of the evidence that his pleas were not understandingly and voluntarily made and *must make strict showing with a solid affirmative basis for the relief sought.*" (Emphasis added). *See also State v. Zold,* 105 N.J.Super. 194, 251 A.2d 475, 480 (1969), *aff'd,* 110 N.J.Super. 33, 264 A.2d 257 (1970).

In contrast, the New Jersey Supreme Court has interpreted the rule authorizing a change or reduction in sentence "to sanction reconsidered leniency," *State v. Matlack,* 49 N.J. 491, 231 A.2d 369, 374 (N.J.), *cert. denied,* 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967), and in granting certification to suspend a custodial sentence of a defendant, the court has used as its standard for making that determination whether "the ends of justice will best be met" by the suspension. *State v. Tumminello,* 70 N.J. 187, 358 A.2d 769, 772 (1976). A sentence reduction hearing affording the court such broad discretion appears to us to be substantially different from a post-conviction proceeding in which a defendant must establish a clear right to relief.

Accordingly, we conclude that appellant has proved his right to federal relief. The judgment of the district court will be reversed and the proceedings remanded with a direction to grant the writ of habeas corpus unless the State of New Jersey affords appellant a meaningful sentence reduction hearing within a reasonable time.