No. 62,584

STATE OF KANSAS, *Appellee* v. LOREN K. PIERCE, *Appellant.*

(787 P.2d 1189)

Opinion
filed March 2, 1990.

*Steven R. Zinn,* deputy appellate defender, argued the cause and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Julie McKenna,* county attorney, argued the cause and *Robert T. Stephan,* attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Loren K. Pierce appeals from the denial of his pro se post-appeal motion to modify his sentence. The issues on appeal are whether the defendant is statutorily or constitutionally entitled to counsel in preparing and presenting his motion for modification of sentence.

On July 14, 1986, a jury convicted the defendant of one count of aggravated burglary (K.S.A. 21-3716), one count of aggravated battery (K.S.A. 21-3414), and one count of rape (K.S.A. 21-3502).

On September 8, 1986, the trial court sentenced the defendant to consecutive terms of 5-20 years for the aggravated burglary conviction, 5-20 years for the aggravated battery conviction, and 15 years to life for the rape conviction. In sentencing the defendant, the trial court specifically referred to the defendant's prior criminal record and the excessive force and violence used in committing the present crimes.

Defendant, through his trial attorney, filed a motion to modify his sentence on December 30, 1986, requesting probation or concurrent sentences. Following a hearing, at which defendant was represented by counsel, the trial court denied the motion. At the time the trial court had available, and considered, the report of the State Reception and Diagnostic Center (SRDC).

Defendant appealed his original convictions which were upheld by this court in an unpublished opinion filed February 19, 1988. *State v. Pierce,* No. 60,580, 242 Kan. xi. In his direct appeal the defendant made no attempt to raise the denial of his first motion to modify sentence as an issue before this court. On April 15, 1988, the defendant filed, pro se, another motion to modify sentence pursuant to K.S.A. 21-4603(3). In his motion the defendant asked that counsel be appointed "to represent him for purposes

of hearing on this motion." The trial court did not hold any hearing on the motion and, on May 5, 1988, issued its ruling which stated in part:

"2. Whether or not a hearing should be afforded to the movant and counsel appointed rests within the discretion of the court.

"3. After reviewing these proceedings, particularly the presentence and SRDC reports and the sentences imposed, the court concludes modification would be inappropriate.

"4. The movant is not entitled to appointment of counsel or further hearings prior to decision of the court as to whether the sentences should be modified. Accordingly, the movant's request for appointment of counsel for this limited purpose is denied.

"IT IS THEREFORE ORDERED that the defendant's sentences previously imposed shall not be modified by the court.

"IT IS FURTHER ORDERED that the defendant's request for the appointment of counsel and the implied request for additional hearing is denied by the court."

Defendant has now appealed the trial court's ruling and asserts that his statutory and constitutional rights to counsel have been violated. In asserting that his statutory rights to counsel have been violated, defendant relies upon K.S.A. 21-4603, K.S.A. 22-4503(a), and K.A.R. 105-1-1. K.S.A. 21-4603 in effect at the time relevant to this proceeding provided in pertinent part:

"(3) Any time within 120 days after a sentence is imposed or within 120 days after probation or assignment to a community correctional services program has been revoked, the court may modify such sentence, revocation of probation or assignment by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits. If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or court of appeals."

This subsection of the statute was amended at the 1988 and 1989 legislative sessions but the amendments are not applicable to this appeal.

K.S.A. 21-4603 is the statute which delineates the various alternatives the district court may utilize in disposing of criminal proceedings after a defendant has been found guilty of a crime. Subject to certain specified time restraints, subsection (3) authorizes the court to modify a previously imposed sentence. Action by a court under this subsection may be taken *sua sponte* or may be based upon a motion by the defendant requesting a

modification. The statute does not specify any procedure and does not mandate that a hearing be held or that counsel be appointed to represent a defendant on a motion to modify sentence. While we have not specifically decided the issue of whether a defendant is entitled to counsel for every motion filed pursuant to K.S.A. 21-4603(3), we considered the procedural aspects of the statute at some length in *State v. Jennings*, 240 Kan. 377, 729 P.2d 454 (1986). The State relies heavily on *Jennings*.

In *Jennings*, the defendant filed a motion to modify the sentence imposed after he pled nolo contendere to one count of second-degree murder. The trial court denied the motion without a hearing and the defendant appealed, contending he was entitled to notice and an opportunity to be heard. Justice Herd, writing for a unanimous court, stated:

"K.S.A. 1985 Supp. 21-4603(3) authorizes the court to modify a sentence within the statutory limits any time within 120 days after a sentence is imposed; no hearing procedure is discussed. K.S.A. 1985 Supp. 21-4603(4) allows reduction of sentence below the statutory minimum upon the recommendation of the secretary of corrections; this subsection specifically provides for a hearing and notice to interested parties. K.S.A. 22-3504 specifically provides for a hearing and that a defendant be personally present for correction of a sentence. These distinctions are significant. The legislature did not provide for a hearing on sentence modification, 21-4603(3).

"K.S.A. 1985 Supp. 22-3405(1) sets out the stages in a felony proceeding where the defendant's presence is required and provides as follows:

" 'The defendant in a felony case shall be present at the arraignment, at *every stage of the trial including the impaneling of the jury and the return* of the verdict, *and at the imposition of sentence*, except as otherwise provided by law.' (Emphasis added.)"

"Unless a motion for modification is considered part of the 'imposition of sentence,' the appellant had no right to appear in support of his motion. We resolved this issue in *State v. Bryant*, 227 Kan. 385, 607 P.2d 66 (1980), where we held that a defendant's right to be present does not extend to post-conviction motions. In so holding, we reasoned that the trial ends when a verdict has been rendered, any right which the accused may have to be present at proceedings following indictment continues only during the pendency of the trial, and a defendant, once convicted, cannot expect to be present at post-conviction motions. See also *State v. Myers*, 10 Kan. App. 2d 266, 271, 697 P.2d 879 (1985), where the Court of Appeals noted that defendant has no right to be present at a ruling on a motion to modify. We agree and hold that a defendant has no right to a hearing on a motion to modify sentence or to be present at consideration of that motion.

"This holding is consistent with federal law. Federal Rule of Criminal Procedure 35(b) is nearly identical to K.S.A. 1985 Supp. 21-4603(3). Under that rule, it is discretionary with the trial judge whether to hear testimony or arguments on the motion. 3 Wright, Federal Practice and Procedure: Criminal 2d § 586 p. 405. See also *United States v. Donohoe*, 458 F.2d 237 (10th Cir. 1972), where it was held a defendant has no right to a hearing in open court on a motion to modify sentence and has no constitutional right to be personally present or to be represented by counsel at consideration of motion to modify sentence." pp. 378-79.

Whether a defendant is entitled to a hearing on a K.S.A. 21-4603(3) motion is discretionary with the trial court based upon the record before the court at the time. It would logically follow that, if a defendant is not entitled to a hearing on a motion to modify sentence, nothing in K.S.A. 21-4603(3) requires the appointment of counsel for every such motion. If the court determines from the allegations set forth in the motion, from the pleadings and record including the SRDC report, or from any other source that a hearing should be held on the motion, then we agree that counsel should be appointed to represent the defendant in preparing for and participating in the hearing. However, if the motion filed on behalf of the defendant contains no new facts or allegations which would justify a hearing, and if the court determines from the available record and pleadings that no hearing is necessary, then the statute does not require the appointment of counsel.

Defendant, in his brief, also makes reference to K.S.A. 22-4503 in asserting that a defendant is entitled to the appointment of counsel for every K.S.A. 21-4603(3) motion or proceeding. K.S.A. 22-4503(a) provides:

"A defendant charged by the state of Kansas in a complaint, information or indictment with any felony is entitled to have the assistance of counsel at every stage of the proceedings against such defendant and a defendant in an extradition proceeding, or a habeas corpus proceeding pursuant to K.S.A. 22-2710, is entitled to have assistance of counsel at such proceeding. A person subject to an order or commitment pursuant to K.S.A. 22-3428 or 59-2917 shall be entitled to the assistance of counsel at every stage of a habeas corpus proceeding brought by such person and the provisions of this section relating to defendants shall be applicable to such persons."

In *State v. Andrews*, 228 Kan. 368, 614 P.2d 447 (1980), we recognized that the legislature has adopted a comprehensive statutory scheme of legal representation for indigent persons in crim-

inal matters. In addition to K.S.A. 22-4503, the court reviewed other statutes which provide for the appointment of counsel for indigent defendants. K.S.A. 22-4505 provides for counsel on appeal of a criminal conviction while K.S.A. 22-4506 provides for counsel "[w]henever any person who is in custody under a sentence of imprisonment upon conviction of a felony files a petition for writ of habeas corpus or a motion attacking sentence under K.S.A. 60-1507," if the court finds there are substantial questions of law or triable issues of fact. The statute also provides for counsel in an appeal from such proceedings.

The State relies upon the foregoing statutes in asserting there is no statutory right to counsel for the purpose of preparing and presenting a motion to modify sentence filed pursuant to K.S.A. 21-4603(3). In *Andrews*, after considering the foregoing statutes in detail, we stated:

> "Thus, it is obvious that our statutes provide that an indigent defendant is entitled to counsel at every stage of the *pretrial proceedings and trial* (K.S.A. 1979 Supp. 22-4503), on appeal (K.S.A. 1979 Supp. 22-4505) and in habeas corpus proceedings and motions attacking sentence under K.S.A. 60-1507 [K.S.A. 22-4506]. *However, nothing in our statutes specifically covers the problem of post-conviction motions* . . . ." 228 Kan. at 375. (Emphasis added.)

In the present case, the defendant filed two motions to modify his sentence pursuant to K.S.A. 21-4603(3). At the time the statute allowed the court to consider modification both post-sentence and post-appeal. The defendant was granted a hearing on the first motion at which he was represented by counsel. The second motion alleges no new facts or circumstances which would justify a modification of sentence or require a hearing. As we stated in *Jennings* and *Andrews*, a defendant is not entitled to a hearing and the appointment of counsel on every post-trial motion. We conclude that the requirements of K.S.A. 22-4503(a) do not extend to every post-trial motion to modify sentence which alleges no facts or circumstances which might justify a modification by the court. The trial court in its discretion should determine from the motion, pleadings, and record whether a hearing is necessary. If the trial court determines that a hearing should be held, then counsel should be appointed.

Defendant's principal argument that a defendant is statutorily entitled to counsel on all K.S.A. 21-4603(3) motions is that the appointment of counsel is mandated by K.A.R. 105-1-1(a)(7) adopted pursuant to the Indigents' Defense Services Act (the Act), K.S.A. 22-4501 *et seq.* The regulation reads, *inter alia*:

"(a) Legal representation, at state expense, shall be provided to all persons who are financially unable to obtain adequate representation without substantial hardship to themselves or their families in the following cases:

. . . .

(7) motions to modify sentence pursuant to K.S.A. 21-4603."

This court has often recognized that "[r]egulations have the full force and effect of law if they are duly adopted pursuant to statutory authority for the purpose of carrying out the policy declared by the legislature in our statutes." *Vandever v. Kansas Dept. of Revenue*, 243 Kan. 693, Syl. ¶ 1, 763 P.2d 317 (1988). See also *J. G. Masonry, Inc. v. Department of Revenue*, 235 Kan. 497, 500, 680 P.2d 291 (1984); *Jones v. The Grain Club*, 227 Kan. 148, Syl. ¶ 1, 605 P.2d 142 (1980); *Harder v. Kansas Comm'n on Civil Rights*, 225 Kan. 556, 559, 592 P.2d 456 (1979). However, for a regulation to have legal effect it must be adopted within the statutory authority granted the agency by the legislature. We have stated the rule many times:

"Rules or regulations of an administrative agency, to be valid, must be within the statutory authority conferred upon the agency. Those rules or regulations that go beyond the authority authorized, which violate the statute, or are inconsistent with the statutory power of the agency have been found void. Administrative rules and regulations to be valid must be appropriate, reasonable and not inconsistent with the law." *Pork Motel, Corp. v. Kansas Dept. of Health & Environment*, 234 Kan. 374, Syl. ¶ 1, 673 P.2d 1126 (1983).

See also *Marcotte Realty & Auction, Inc. v. Schumacher*, 225 Kan. 193, Syl. ¶ 3, 589 P.2d 570 (1979); *Goertzen v. State Department of Social & Rehabilitation Services*, 218 Kan. 313, Syl. ¶ 1, 543 P.2d 996 (1975).

In *Wesley Medical Center v. Clark*, 234 Kan. 13, Syl. ¶ 5, 669 P.2d 209 (1983), we held: "An administrative agency which has the power to adopt regulations does not have the authority to adopt regulations which exceed the statutory authority granted in the first instance."

Defendant asserts that the statutory authority for the adoption of the cited regulation is K.S.A. 22-4522 which provides in part:

"The state board of indigents' defense services shall:

. . . .

"(d) adopt rules and regulations in accordance with K.S.A. 77-415 *et seq.*, and amendments thereto, which are necessary for the operation of the board and the performance of its duties and for the guidance of appointed counsel, contract counsel and public defenders, including but not limited to:

(1) Standards for entitlement to legal representation at public expense."

K.S.A. 22-4504(f) expounds further on the rule-making authority of the State Board for Indigents' Defense Services (the Board) as it relates to determining the "entitlement to legal representation at public expense" and reads:

"The state board of indigents' defense services shall adopt rules and regulations in accordance with K.S.A. 77-415 *et seq.*, and amendments thereto, relating to the income, assets and anticipated costs of representation for the purpose of determining whether a defendant is financially able to employ counsel and the ability of a defendant to contribute to the cost of the defendant's legal defense services."

The defendant argues that under the foregoing statutes the Board has the authority to adopt regulations granting defendants the right to counsel even though there is no statute authorizing or requiring counsel. The State, on the other hand, argues that such a broad reading and application of K.A.R. 105-1-1(a)(7) is beyond the statutory authority of the Board. We agree with the State. Nothing in the Act grants the Board the power to determine when a defendant is legally entitled to be represented by counsel. The right to counsel is statutory and constitutional and the Board cannot expand that right by rule or regulation to areas not contemplated by statute or the constitutions. When K.A.R. 105-1-1 is considered in its entirety and considered with K.S.A. 22-4503, 22-4505, 22-4506, and 22-4522, it appears that it applies to the procedural and administrative details of the indigents' defense system and not the substantive right of the indigent defendant to be represented by counsel at state expense.

K.A.R. 105-1-1(a)(7) is an administrative regulation which authorizes the appointment of counsel under the Act to indigent defendants for motions to modify sentence *when the district court has determined the defendant is entitled to counsel.* The court,

not the Board, must make the determination based upon the statutory and constitutional rights of the defendant. If the court determines from the record before it that an indigent defendant is entitled to representation, then K.A.R. 105-1-1(a)(7) gives the indigents' defense service the authority to represent such a defendant at state expense. The regulation does not expand an indigent defendant's statutory or constitutional right to counsel but does provide the means for such representation when the court determines a defendant is entitled to counsel. Once the court determines the necessity for counsel, the regulation creates the vehicle for the appointment of counsel pursuant to the Act.

We conclude that neither the Kansas statutes nor the regulations of the Board mandate the appointment of counsel in all K.S.A. 21-4603(3) motions.

Next, defendant asserts that he was denied his Sixth Amendment right to counsel when the trial court summarily denied his pro se motion to modify the sentence without appointing counsel. Defendant is correct when he asserts that this court has not addressed the specific issue in prior cases.

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." This court and the United States Supreme Court have recognized the right as applying only to the "critical stages" of the proceedings against the defendant. *United States v. Wade*, 388 U.S. 218, 224, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967); *State v. Marks*, 231 Kan. 645, 650, 647 P.2d 1292 (1982); *State v. Andrews*, 228 Kan. 368, 377, 614 P.2d 447 (1980).

In *Andrews*, the court observed:

"In *Coleman v. Alabama*, 399 U.S. 1, 9, 26 L. Ed. 2d 387, 90 S. Ct. 1999 (1970), the U.S. Supreme Court held that '[t]he determination whether the hearing is a 'critical stage' requiring the provision of counsel depends, as noted, upon an analysis 'whether potential substantial prejudice to defendant's rights inheres in the . . . confrontation and the ability of counsel to help avoid that prejudice.' *United States v. Wade, supra* [388 U.S.] at 227." 228 Kan. at 377.

The defendant, of course, argues that a motion to modify sentence is a critical stage of the proceedings while the State contends it is not adversarial and is not a critical stage.

At the outset the defendant seeks to distinguish the decisions in *United States v. Donohoe,* 458 F.2d 237 (10th Cir. 1972), and *State v. Jennings,* 240 Kan. 377, 729 P.2d 454 (1986), which are relied upon by the State, from the present case based upon factual differences. In *Donohoe* the defendant, following a plea of guilty and sentencing for a charge of bank robbery, filed a motion to modify his sentence pursuant to Fed. R. Crim. Proc. 35, which was comparable to our statute, K.S.A. 21-4603(3). (That rule was amended in 1979 to separate the reduction-of-sentence portion of the rule from other provisions, and the relevant part was designated 35[b].) Donohoe's motion to modify his sentence was denied by the trial court and on appeal the Tenth Circuit Court affirmed. One of the issues was that it was improper to hold a hearing on the motion without the defendant being present. In considering this argument, the court stated:

"Although this Court has not spoken on this particular point, other circuits have held that there is no right to a hearing in open court on a motion to modify sentence. Such a motion is addressed to the sound discretion of the trial judge and is ordinarily considered by the judge informally and in chambers. *Appellant had no constitutional right to be personally present or to be represented by counsel at consideration of this motion.*" 458 F.2d at 239. (Emphasis added.)

In *Jennings* this court considered a K.S.A. 21-4603(3) motion to modify sentence and in the opinion cited *Donohoe* as authority for the proposition that at a hearing on a motion to modify sentence a defendant has no constitutional right to be personally present or to be represented by counsel. As the defendant here correctly points out, the defendant in *Donohoe* was given a hearing and was represented by counsel. The defendant seeks to distinguish *Jennings* on the basis that, although the defendant was not granted a hearing, he was represented for the purpose of preparing the motion to modify sentence. Thus, the statements in those cases that a defendant has no constitutional right to be represented by counsel on a motion to modify sentence would appear to be dicta as that was not the issue upon which the cases were determined. However, we are of the opinion they are correct statements of the law.

Defendant's position that a motion to modify sentence is a "critical" stage of the criminal proceedings requiring the appoint-

ment of counsel would appear to be the minority view among the state and federal courts which have considered the issue. The only case cited by the defendant, and we have found no others, which specifically states that a reconsideration of sentence hearing is a critical stage of a criminal prosecution is a decision of the Pennsylvania Superior Court. In *Com. v. Dozier*, 294 Pa. Super. 249, 439 A. 2d 1185 (1982), a three-judge panel considered defendant's appeal from a conviction of rape. Defendant was sentenced on February 19, 1980, and on March 4 filed a pro se petition for reconsideration of his sentence. A hearing was set and trial counsel was ordered to appear and represent the defendant. However, on the date of the hearing defendant's counsel failed to appear, and the court proceeded with the hearing without counsel. The Superior Court did not give any rationale for its holding and merely stated: "Since sentencing is a critical stage of a criminal prosecution, appellant had a right to be represented by counsel at the reconsideration hearing." 294 Pa. Super at 258. In *Dozier*, not only was a hearing held but counsel had been appointed to represent the defendant. We would agree that if the trial court determines that a hearing is necessary at which the State is represented then fundamental fairness and due process require that the defendant also be represented. However, we do not view *Dozier* as authority for the argument that an indigent defendant is constitutionally entitled to counsel at all motions to modify sentence nor is it persuasive authority for the contention that every motion to modify is a critical stage of a criminal proceeding.

In *Tully v. Scheu*, 607 F.2d 31 (3d Cir. 1979), the court reached a conclusion somewhat similar to the Pennsylvania court in *Dozier*. In *Tully*, the defendant sought habeas corpus relief from state appellate court decisions dismissing his motion for reduction of sentence because the hearing was not held within the statutory time frame. After entering a plea of guilty and being sentenced, defendant filed a motion for reduction of sentence claiming the State breached its plea agreement. At a hearing on the motion, held just two days before the statutory time expired, the State denied the breach, claiming plea agreement terms different than those claimed by defendant, and as a result the defendant's attorney was forced to become a witness. Accordingly, the trial

court adjourned the hearing to allow defendant to obtain substitute counsel. The new hearing date was scheduled by the court beyond the 75-day period allowed for modifications. At the second hearing, the State sought to dismiss the motion, because the 75-day period had expired.

While the New Jersey trial court denied dismissal, the New Jersey appellate courts granted dismissal. Defendant then sought habeas corpus relief in federal court. The federal district court found that the case involved a claim of unconstitutionality under a New Jersey Supreme Court Rule authorizing modification of sentence and denied relief. The Third Circuit reversed, holding that dismissing defendant's motion when the hearing was postponed to allow defendant to obtain substitute counsel denied defendant his constitutional right to counsel at the sentence reduction hearing. In doing so, the court stated:

"To argue, as does the state, that Tully has no absolute right to counsel in discretionary state appeals, *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974), is to mistake the real issue. The spirit, if not the letter, of Rule 3:21-10 makes absolute the right to have heard a timely reduction of sentence motion because the court is given no discretion to refuse to entertain a timely motion. See N.J.Ct.R. 3:21-10. The hearing on the motion is not an appeal but a continuation of the guilty plea-sentencing proceeding at the trial court level. It is as much a part of a trial in the context of a guilty plea reception as the original sentencing proceeding. . . .

"We perceive the New Jersey sentence reduction procedure to be 'a critical stage of the criminal proceeding.' " 607 F.2d at 35.

The court then concluded:

"We therefore hold that the constitutional right to counsel at the hearing during which sentence is pronounced applies with equal force and effect to the sentence reduction hearing provided under Rule 3:21-10. Once Tully began the proceeding with counsel, he had an absolute right to have counsel at his side throughout." 607 F.2d at 35-36.

In *Tully* the court appears to have made its determination that the sentence reduction hearing was a critical stage of the proceeding based primarily on the language of the New Jersey Supreme Court Rule and the fact that a hearing was commenced with counsel who was forced to withdraw in order to become a witness. The court did not hold that every motion to reduce or reconsider sentence constitutes a critical stage of the proceeding which would require the appointment of counsel.

Defendant also relies upon *United States v. Morales*, 498 F. Supp. 139 (E.D. N.Y. 1980). The court stated the issue as "whether the government may question a person who has pleaded guilty and been sentenced about matters related to the subject matter of his criminal charges in the absence of appointed counsel when the time for a F.R.Cr.P. Rule 35 motion for reduction of a sentence has not yet expired." 498 F. Supp. at 141. The decision hinged on an appointed attorney's duty under 18 U.S.C. § 3006A (1976) and not on the Sixth Amendment right to counsel. The court specifically stated: "This court does not decide . . . whether an indigent *pro se* defendant has the right to appointment of counsel solely for the purpose of applying for a reduction of sentence under Rule 35." 498 F. Supp. at 142.

Although not cited by the State, *Burrell v. United States*, 332 A.2d 344 (D.C. Cir. 1975), strongly supports the State's position. The defendant in *Burrell* was convicted of and sentenced for possessing a pistol without a license. Although he filed an appeal, he subsequently requested dismissal. After the court dismissed the appeal, defendant filed a pro se motion for reduction of his sentence under Super. Ct. Cr. R. 35, which is substantially identical to Fed. R. Crim. Proc. 35, 18 U.S.C. app. (Supp. III 1979).

The motion gave several reasons for reducing the sentence including defendant's rehabilitation and opportunity to obtain work at a work-release job. In a letter attached to the motion, the defendant expressed: "I do not have a lawyer, and I would like to have a lawyer appointed to represent me for this Motion." The trial court denied both the motion for reduction and the request for counsel. "The sole issue raised on appeal [was] whether or not the court's failure to appoint counsel deprived him of his constitutional right to such representation at a critical stage of his prosecution." 332 A.2d at 345.

In finding there was no constitutional right to counsel, the court stated:

"This is not a situation where an indigent defendant needs legal representation to defend himself against governmental action; that is, it is not an action brought by the government against the defendant such as one to revoke probation or to revoke his parole. This proceeding resembles those only insofar as it likewise arose after trial, sentencing and appeal. It was initiated by one who had run the gamut of the adjudicatory process. Ap-

pellant here had the assistance of counsel at the sentencing stage, when both counsel and the appellant were accorded the right to speak. The sentence imposed was within the statutory limits. Furthermore, as we shall see, the motion did not present to the court an appropriate basis for reduction of sentence." 332 A.2d at 345.

The court went on to state:

"It cannot be said that appellant has been deprived of a substantive right. There is no right to work release, which is the objective underlying his motion, any more than there is a right to a reduction of confinement time. *Green v. United States*, 157 U.S. App. D.C. 40, 481 F.2d 1140 (1973)." 332 A.2d at 346.

In its final conclusion, the court held:

"We think that an indigent's right to appointed counsel for a reduction of sentence motion should be restricted by the trial court to situations raising the kind of an issue, supported by specific factual allegations, wherein fundamental fairness requires the appointment of counsel if standards of due process are to be met. No such issue is raised here." 332 A.2d at 347.

In *United States v. Hamid*, 461 A.2d 1043 (D.C. 1983), *cert. denied* 464 U.S. 1046 (1984), the court held, "[T]he Sixth Amendment right to the effective assistance of counsel does not apply to the post-conviction process in seeking a reduction of sentence." 461 A.2d at 1044. In *Hamid* the court was faced with a determination of the effectiveness of counsel in the filing of a Rule 35 motion to reduce sentence. The court stated:

"We hold that the Sixth Amendment right to the effective assistance of counsel does not apply to the post-conviction process in seeking a reduction of sentence. Having no constitutional right to counsel, Hamid could not be deprived of effective assistance of counsel in the filing of his Rule 35 motion. Additionally, Hamid was not deprived of due process of law.

"The right to request a reduction in sentence is not a right of sufficient substance to trigger the Sixth Amendment. *Burrell v. United States*, 332 A.2d 344 (D.C.), *cert. denied* 423 U.S. 826, 96 S. Ct. 42, 46 L. Ed. 2d 43 (1975). See *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 34 (1974) (a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for Supreme Court review). Rather, a Rule 35 reduction motion is simply a plea for leniency addressed to the trial court's discretion. *Walden v. United States*, 366 A.2d 1075, 1077 (D.C. 1976); *Burrell v. United States, supra*, 332 A.2d at 346. Having no constitutional right to counsel for these purposes, the inquiry and determination as to his effectiveness was an irrelevancy and thus was an improper predicate for any relief." 461 A.2d at 1044.

In *United States v. Nevarez-Diaz*, 648 F. Supp. 1226 (N.D. Ind. 1986), the federal district court held that a defendant had no ineffective assistance of counsel claim for his attorney's failure to file a Rule 35(b) motion, because the defendant had no constitutional or statutory right to counsel on the post-trial motion to reduce sentence.

Regarding the constitutional right to counsel, the court first discussed the Sixth Amendment and then Fifth Amendment due process concerns. On the Sixth Amendment, the court reasoned and held:

"By definition, a Rule 35(b) motion is a post-trial proceeding and, logically, because it is not part of the criminal prosecution, it is outside the scope of the sixth amendment. A Rule 35(b) motion is not an appeal; it does not attack the legality of the sentence imposed nor does it call into question the validity of the underlying conviction. *Williams v. United States*, 470 A.2d 302, 305 (D.C. App. 1983), *cert. denied* 472 U.S. 1019, 105 S. Ct. 3483, 87 L. Ed. 2d 617 (1985); *United States v. Hamid*, 461 A.2d 1043, 1044-45 (D.C. App. 1983), *cert. denied* 464 U.S. 1046, 104 S. Ct. 718, 79 L. Ed. 2d 180 (1984). Rather, Rule 35(b) is directed toward the discretion of the sentencing judge and is essentially a plea of leniency. *E.g. Shaiar v. United States*, 736 F.2d 817, 818 (1st Cir. 1984); *United States v. Hooton*, 693 F.2d 857 (9th Cir. 1982). As such, a Rule 35(b) motion 'is not analogous to an appeal as of right, but is analogous to a discretionary review.' *Silano v. United States*, 621 F. Supp. 1103, 1105 (D.C.N.Y. 1985). Where review is discretionary no sixth amendment right to counsel attaches. *Wainwright v. Torna*, 455 U.S. 586, 102 S. Ct. 1300, 71 L. Ed. 2d 475 (1982). Therefore, the court finds that a Rule 35(b) proceeding does not implicate the sixth amendment right to an attorney." 648 F. Supp. at 1230.

In its discussion of the defendant's due process right to counsel under the Fifth Amendment, the court first considered the fundamental fairness doctrine as being the basis of due process of law and then stated:

"Applying these considerations to the instant case, the court finds that due process does not automatically require the federal government, under the fifth amendment due process clause, to appoint counsel to a convicted felon for purposes of bringing a Rule 35(b) motion. First, a Rule 35(b) proceeding is not a criminal prosecution. Second, as a convicted felon, Nevarez-Diaz is entitled to a more limited due process right because he has been convicted of a crime and already suffered a loss of liberty. *Gagnon*, 411 U.S. at 789, 93 S. Ct. at 1763; *see also Lassiter v. Department of Social Services*, 452 U.S. 18, 26, 101 S. Ct. 2153, 2159, 68 L. Ed. 2d 640 (1981). Here, Nevarez-Diaz has already lost personal liberty as a result of his plea

bargain with the government. The Rule 35(b) proceeding poses no new threat of an additional loss of liberty; instead, it is an attempt by Nevarez-Diaz to appeal to the leniency of the sentencing court for a reduction of his sentence. *Shaiar*, 736 F.2d at 818; *Hooton*, 693 F.2d 857. Nevarez-Diaz's interest in liberty has already been severely diminished and 'as [his] interest in personal liberty diminishes, so does his right to appointed counsel.' *Lassiter*, 452 U.S. at 26, 101 S. Ct. at 2159.

"Moreover, the court finds that the nature of a Rule 35(b) proceeding is not so technical and complicated as to necessitate assistance of counsel to ensure the effectiveness of the hearing. As noted earlier, a Rule 35(b) motion does not attack the legality of the sentence nor the validity of the underlying conviction, rather, it is directed towards the sentencing judge's discretion and appeals for his leniency. Generally, petitioners base such motions on changes in circumstances that were not apparent at the time of sentencing. Typical Rule 35(b) grounds presented to this court include: declarations of remorse by the petitioner; new medical problems for either the petitioner or his family; financial hardships on the petitioner's family; petitioner's co-operation with authorities; and petitioner's good behavior and apparent change in attitude. Reasons such as these are more personal than legal or technical and, as such, the court fails to see how a finding of a constitutional right to counsel would greatly assist in presenting such grounds to a court.

"Therefore, the court holds that Nevarez-Diaz was not denied effective assistance of counsel because he was not constitutionally entitled to counsel." 648 F. Supp. at 1231.

*Burrell* and the cases which have adopted its rationale are persuasive. We also note that effective in 1987, Fed. R. Crim. Proc. 35 was amended to eliminate the right of federal defendants to seek a modification of sentence after it has been imposed. We conclude that a motion to modify sentence under K.S.A. 21-4603(3) is not a critical stage of the criminal prosecution and that an indigent defendant does not have a Sixth Amendment right to counsel for every such motion, nor does the failure to appoint counsel constitute a Fifth Amendment denial of due process of law in all such cases.

In determining whether counsel must be appointed to represent an indigent defendant on a K.S.A. 21-4603(3) motion, the trial court should consider each such motion on a case-by-case basis. If the motion contains factual allegations not previously available to, or considered by, the court, or the existing pleadings and record disclose facts which might constitute a realistic basis for a reduction of sentence, then the trial court in the exercise of its discretion should set the matter for hearing and appoint

counsel to represent the defendant. If there is to be a hearing at which the State will be represented, then due process of law does require that the defendant be represented unless the defendant waives the right to counsel. See *State v. Buckland*, 245 Kan. 132, 142, 777 P.2d 745 (1989).

Defendant argues that to require a defendant to allege some factual or realistic basis for a possible reduction of sentence in the motion seeking the reduction places a burden upon the defendant that he cannot meet. It is contended that counsel is necessary to gather sufficient factual information to show a change of circumstances or a basis for reduction of sentence. We find no insurmountable barriers, or constitutional prohibitions, to a requirement that the defendant show in the first instance some realistic or reasonable grounds for a possible modification of sentence. The defendant should be able to articulate the circumstances which would justify a hearing and the appointment of counsel.

We find no error in the court's summary disposition of defendant's K.S.A. 21-4603(3) motion.

The judgment is affirmed.