Mary Ann Gabel Executive Director Behaviorial Sciences Regulatory Board 712 Kansas, 1st Floor Topeka, Kansas 66603-3112
Dear Ms Gabel:
As executive director of the Kansas behavioral sciences regulatory board you ask our opinion regarding eligibility requirements for a supervisor of a person who is completing the requisite two years of experience towards becoming licensed as a specialist clinical social worker (LSCSW). Your question pertains specifically to a LSCSW applicant who obtains this supervised experience in a state other than Kansas.
You present the following scenario: A person working toward her LSCSW receives supervision in Missouri from a person who is licensed in Missouri as a specialist clinical social worker. However, the supervisor was "grandfathered in" in Missouri, meaning she was so licensed without being required to take a licensing examination. You ask whether this person may be considered eligible to have acted as a supervisor if she successfully completes the Kansas LSCSW examination after the period of supervision has concluded.
In Kansas in order for a social worker to become licensed in a social work specialty, the applicant must meet four primary qualifications including:
 "two years of full-time post-master's or post-doctorate experience under the supervision of a licensed social worker in the area of the speciality in which such applicant seeks to be licensed;. . . ." K.S.A. 65-6306(c)(2).
Accordingly for a person seeking to become licensed as a specialist clinical social worker, supervision must be provided by someone who is already licensed as a specialist clinical social worker. The board adopted the following as a requirement for this type of supervisor:
 "The supervision shall be provided by a licensed specialist clinical social worker or one eligible for licensure at that level if supervision occurred in a state other than Kansas." K.A.R. 102-2-12(a)(1).
We initially note that the alternative provision ("or one eligible for licensure at that level if supervision occurred in a state other than Kansas") conflicts with the K.S.A. 65-6306(c)(2) requirement ("a licensed social worker in the area of the specialty in which the applicant seeks to be licensed") which this regulation purportedly implements. Accordingly that provision must be considered void and without the force and effect of law. State v. Pierce, 246 Kan. 183 (1990). For purposes of this opinion we thus will consider K.A.R. 102-1-12(a)(1)to read:
 "The supervision shall be provided by a licensed specialist clinical social worker."
As mentioned, the supervisor was licensed in Missouri as a specialist clinical social worker and so to this point is considered an eligible as supervisor. However K.A.R. 102-1-12(c) further addresses the requisite experience if it occurs outside of Kansas and is supervised by other than a Kansas LSCSW:
 "Out-of-state applicants who received supervision in a state other than Kansas shall also submit documentation from their supervisors attesting to the supervisor's eligibility to provide supervision. An out-of-state supervisor shall be considered eligible to provide supervision if the supervisor has met the requirements contained in K.A.R. 102-2-12(a)."
Therefore to be considered eligible to provide supervision, an out-of-state supervisor must meet the following requirements:
 "(1) completion of two years of post-graduate, supervised, clinical experience with a minimum of 4,000 hours of serice. The supervision shall be provided by a licensed specialist clinical social worker . . .
 (2) participation in a minimum of one one-hour supervisory session per week with a minimum of 100 hours in supervisory sessions over the two-year period; and
 (3) successful completion of an examination approved by the board for this level of licensure." K.A.R. 102-1-12(a).
Since these are the requirements for a person to become licensed as a specialist clinical social worker in Kansas, establishing these as the requirements for an out-of-state supervisor ensures conformity of supervisor qualifications. In other words, if a supervisor is not a Kansas LSCSW, the licensed out-of-state supervisor must have identical qualifications required of a Kansas LSCSW.
At last we reach your question. Assuming the LSCSW Missouri supervisor meets requirements (1) and (2), may she take the approved examination following the two year period of supervision and thus be considered eligible to have served as a supervisor? In our opinion approving such a chronology of events would defeat the rationale of ensuring that supervisors of potential LSCSW applicants are consistently qualified — thus protecting the welfare of the public.
 "Since the profession of social work profoundly affects the lives of the people of this state, it is the purpose of this act to protect the public by setting standards of qualification, training and experience for those who seek to engage in the practice of social work . . ." K.S.A. 65-6301.
In addition, approving such a chronology would be inconsistent with the verb tense used in K.A.R. 102-1-12(c) and would thus be a gramatically incorrect interpretation. Again quoting the pertient portion of that regulation:
 "An out-of-state supervisor shall be considered eligible to provide supervision if the supervisor has met the requirements contained in K.A.R. 102-1-12(a)."
This may more clearly be demonstrated by restructuring the language of the regulation thus:
 If an out-of state supervisor (in the past) has met the requirements contained in K.A.R. 102-1-12(a), such out-of-state supervisor shall be considered eligible (subsequently) to provide supervision.
The chronology of events thus clearly becomes (1) a person who wishes to serve as a supervisor of an LSCSW applicant must first meet the requirements established in K.A.R. 102-1-12(a) and (2) then such person is considered eligible to provide supervision to potential LSCSW applicants.
In conclusion and specifically addressing your question, a Missouri licensed specialist clinical social worker may not attain eligibility as a supervisor of a specialist clinical social worker candidate by successfully completing an approved examination after the two year period of supervision.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas