The Honorable Melvin J. Neufeld, Chairman Joint Committee on Administrative Rules and Regulations 7405 15 Road Ingalls, Kansas 67853
Dear Representative Neufeld:
As Chairperson for, and on behalf of, the Joint Committee on Administrative Rules and Regulations, you request our opinion regarding the authority of the Secretary of Administration (Secretary) to delegate certain powers granted under K.S.A. 1996 Supp. 79-2939 to persons other than the Director of Personnel Services (Director).
You cite to the proposed amendments to K.A.R. 1-2-14, 1-2-35 and 1-6-21, that have the effect of allowing appointing authorities to perform functions historically performed by the Director. In the past the Director has been responsible for certifying names of eligible persons to the pool of candidates from which appointing authorities may hire to fill vacancies in classified service positions. The amendments in question would allow appointing authorities as well as the Director to certify names to the pool. The history sections of K.A.R. 1-2-14 and 1-2-35 cite to K.S.A. 1996 Supp. 75-2939, 75-2942 and 75-2943 as the statutes being implemented by those regulations. K.A.R. 1-6-21 cites to K.S.A. 1996 Supp. 75-2943 and 75-2955. All three regulations refer to K.S.A. 1996 Supp. 75-3747 as the authority for the Secretary to promulgate the regulations.
K.S.A. 1996 Supp. 75-3747(a)(1) specifically authorizes the Secretary of Administration to "adopt, modify and adopt or reject rules and regulations prepared and recommended by the director of personnel services for carrying out the purposes of . . . the Kansas civil service act." K.S.A. 1996 Supp. 75-2939, 75-2942 and 75-2943 are each part of the Civil Service Act (Act). Thus, the Secretary has statutory authority to promulgate regulations to carry out the purposes of those statutes and others that are a part of the Act. Any regulations so promulgated must conform with other statutory and constitutional provisions. State v.Pierce, 246 Kan. 183, 189 (1990); Attorney General Opinion No. 88-139.
K.S.A. 1996 Supp. 75-2939 provides in part as follows:
 "(a) Each person who registers for state employment and applies for the vacancy shall be considered for certification to the pool of eligible candidates if the person meets reasonable minimum standards or requirements fixed by the director [of personnel services] with regard to experience, character, age, education, physical condition, and such other factors which directly relate to the knowledge, skills and ability of the candidates to perform with reasonable efficiency the duties of the position.
. . . .
 "(d) All criteria used as the basis for certifying candidates as eligible for a vacancy from among persons meeting minimum qualifications . . . shall be subject to review and approval of the director.
 "(e) In order to determine whether candidates meet the requirements for a position as established under subsection (a), (c) or (d), candidates may be required to undergo assessments of skills, knowledge and abilities as necessary to determine the fitness of the candidates to perform the duties of the position. Such assessments may be developed and administered by the director or shall be subject to review and approval by the director. . . ."
K.S.A. 1996 Supp. 75-2942 provides that appointments and promotions to positions in the classified service shall be made from among those persons certified as eligible, and allows the Director of Personnel Services, with the approval of the Secretary, to make exceptions regarding qualifications for temporary appointments made during periods of national emergency. K.S.A. 1996 Supp. 75-2943 provides in part:
 "(b) The secretary of administration, upon recommendation of the director of personnel services, shall establish procedures and standards for the certification of names of eligible persons for vacant positions.
 "(c) The appointing authority shall appoint on probation with sole reference to merit and fitness, one of the candidates whose name is certified in the manner provided by subsection (b) to fill such vacancy. . . ."
Other pertinent statutes include K.S.A. 1996 Supp. 75-2945
which establishes exceptions to the requirement that vacancies be filled by persons whose names have been certified, K.S.A. 1996 Supp. 75-2938 which requires the Director to assign each position in the classified service to a class, to specify titles for each class to be used in certifying the names of persons for appointment and to specify the duties and qualifications required for satisfactory performance in each class, K.S.A. 1996 Supp. 75-2940 which allows the Director to refuse to certify a candidate as eligible, or to remove from consideration a candidate who has previously registered for state employment in certain circumstances and K.S.A. 75-3746 which requires the Director to prepare eligible lists of candidates for appointment and make certification for appointment "in accordance with the provisions of the Kansas civil service act."
K.S.A. 1996 Supp. 75-2938(c) specifically authorizes the Secretary of Administration to "delegate the authority to assign positions in the classified service to a class according to the duties and responsibilities thereof to the appointing authority." While there is no similar provision specifically authorizing the Secretary to delegate to someone other than the Director the authority to certify names of eligible persons to the pool of candidates for a position, we do not believe this precludes the Secretary from doing so. The provisions quoted and referenced above do not require that the Director certify the names in all instances, but instead allow the Secretary to establish procedures and standards for the certification of names and give the Director oversight authority with certain veto-like powers. The Director is to establish minimum standards or requirements for each position, but there is no prohibition against someone other than the Director determining whether individuals meet those standards and requirements and certify accordingly. If it becomes necessary to refuse certification of an individual or to remove them from the pool of registrants, an appointing authority may request the Director to do so pursuant to K.S.A. 1996 Supp. 75-2940. Finally, K.S.A. 75-3746 must be read in light of these provisions in the Civil Service Act. This interpretation becomes more clear when viewed in light of the amendments enacted in 1995 as a part of Senate Bill No. 175 in preparation for use of the SHaRP system for personnel and payroll. See L. 1995, Ch. 213, §§ 5, 6, 7, 8, 10.
In conclusion, the Secretary of Administration has the authority to delegate to appointing authorities the ability to certify names of eligible persons to the pool from which appointments for certain vacancies are to be made.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm